[No. 3,350.]

JOHN FOSCALINA *v.* C. W. DOYLE AND CHARLES BATES.

JOHN FOSCALINA *v.* H. A. PRATT AND JOHN CARR.

ACT OF CONGRESS OF 1866 CONCERNING LANDS IN CALIFORNIA.—Under the Act of Congress of July 23d, 1866, entitled "An Act to quiet land titles in California," the holders of State selections of unsurveyed public lands, which had been made in good faith, under the laws of this State, and surveyed, marked off, and designated in the field before said date, acquired the rights of pre-emptioners on unsurveyed lands, unless, at the time of the passage of said Act, some pre-emption, homestead, or

other right, under the laws of the United States had attached to the land, or unless it was within some of the reservations specified in the Act.

IDEM.—Said Act of Congress had also the effect to legalize the possession of locators under the State laws upon unsurveyed public lands, and to enable them to maintain ejectment and other actions in respect to the possession, during the interval which elapsed prior to the time when they were afforded an opportunity under the Act to present their claims for adjudication by the proper officers of the United States.

IDEM.—Under said Act of Congress, a certificate of purchase, issued by the State of California, was, *prima facie,* evidence that the land had been purchased from the State in good faith.

PURCHASES OF LAND FROM THE STATE PRIOR TO 1866.—If a person prior to the passage of the Act of Congress of July 23d, 1866, had purchased from the State in good faith, unsurveyed public land, and in proper time after the passage of the Act, had made application to the proper officers of the United States to prove up his claim, and had entered into and remained in possession, the land was not subject to be pre-empted under the laws of the United States, and the person who, after the passage of the Act, entered on such land as a pre-emptor, became a trespasser, and the locator under the State could recover the land by virtue of his prior possession.

SUPPLEMENTAL ANSWER IN EJECTMENT.—If the defendant in ejectment relies on the fact that the plaintiff's right to the possession has expired during the pendency of the action, he must plead it in a supplemental answer.

IMPLIED FINDINGS.—In cases tried before the Code of Civil Procedure took effect, if there is an issue on which the findings are silent, law implies that the Court found this issue so as to support the judgment.

APPEAL from the District Court, Third Judicial District, County of Alameda.

Two actions of ejectment, brought one to recover from defendants Doyle and Bates the East half of section twenty-four, T. P. 3 South, Range 2 East, Mount Diablo Meridian, and the other, to recover from defendants Pratt and Carr, the West half of Section 24 in the same town and range. The lands are in Alameda county, and the defendants claimed that they were within the exterior boundaries of the rancho Los Pocitas, granted by the Mexican nation to Mr. Livermore. This grant was a sobrante, and was confirmed to the extent of two square leagues within exterior boundaries containing 43,011.31 acres. The cases were identical as to questions of law, and were consolidated. The defendants, in 1870, entered upon the land, each claiming 160 acres, as pre-emptioners under the Act of September 4th, 1841, and the Acts supplementary thereto.

The plaintiff was a tenant, and his term had expired before the trial of the cases. The plaintiff recovered judgment, and the defendants appealed.

*B. B. Newman,* for the Appellants, argued that the plaintiff could not recover, because his term as tenant had expired before the trial, and that the State had no power to sell unsurveyed public lands, or lands claimed under a Mexican grant, and on the last point cited *Stoddard* v. *Chambers,* 2 How. U. S. 373.

*Crane & Johnson,* for Respondents, argued that the defendants, having entered without title, or color of title, the prior possession of the plaintiff enabled him to maintain ejectment, and that the lessors of the plaintiff had such legal interest and title as enabled him to maintain ejectment; and cited *Toland & Mandell,* 38 Cal. 30, and *Hodnap* v. *Sharp,* 40 Cal. 69.

By the Court, CROCKETT, J.:

It is clearly established by the evidence that the defendants, when they entered upon the demanded premises, intruded upon the actual possession of the plaintiff, which he held as a tenant under Hough & Harlan. The defendants seek to justify their entry on the ground that the land was a part of the public domain of the United States, which was then subject to pre-emption; and that, being qualified pre-emptioners, they entered in good faith for the purpose of taking up and perfecting pre-emption claims. If the land was not subject to pre-emption, this defense must fail, and the defendants were mere naked intruders upon the actual possession of the plaintiff.

It appears from the findings that, in the year 1864, and before the land had been surveyed by the authority of the United States, the proper authorities of this State had issued to the assignors of the plaintiff's lessors, certificates of purchase for the land in controversy, under the statutes of California, in respect to the location and sale of lands dona-

ted by the United States to this State, for internal improvements and other purposes; that prior to the years 1868 and 1869, respectively, the lessors of the plaintiff had partially inclosed the premises in controversy, and had planted and cultivated the same in grain; that in the years 1868 and 1869, respectively, they rented said lands to the plaintiff, who cultivated the same in grain; and whilst he was so in the actual possession, the defendants, in October and November, 1870, entered and ousted the plaintiff, and have ever since been in possession; that in or about the month of March, 1869, the township including this land was first surveyed and sectionized under the authority of the United States, and in June, 1871, the approved plat of the survey was returned to the Land Office of the proper district; that in the following month the lessors of the plaintiff made application to the Register and Receiver to be allowed to present and prove up their purchases and claims, and to have the land certified over to this State by the Commissioner of the General Land Office. So far as appears, these applications were still pending at the time of the trial. Upon these facts, the plaintiff contends that the land was not subject to pre-emption, and that the case comes fully within the principles decided in *Toland* v. *Mandell,* 38 Cal. 30; *Hodapp* v. *Sharp,* 40 Cal. 69; and *Flint* v. *Bell,* decided at the October term, 1870, but not reported. We agree with the plaintiff that the propositions settled in those cases are decisive of the present actions, and establish that the land in controversy was not subject to pre-emption when the defendants entered, or at any time since.

In *Toland* v. *Mandell, supra,* the Act of Congress of July 23d, 1866, entitled " An Act to quiet land titles in California," (14 Statutes at Large, 215), was fully discussed, and the reasoning need not be repeated here. The conclusions reached were: First—That under said Act the holders of State selections of unsurveyed public lands, acquired the rights of pre-emptioners on unsurveyed lands, provided their purchases were made in good faith under the laws of the State, and their selections had been surveyed, marked off, and designated in the field, unless, at the time of the pas-

sage of said Act, some pre-emption, homestead, or other right, under the laws of the United States, had attached to the land, or unless it was within some of the reservations specified in the Act. · Second—That the Act of Congress had the effect to legalize the possession of locators upon unsurveyed public lands, and to enable them to maintain ejectment and other actions, in respect to the possession, during the interval which elapsed prior to the time when they were afforded an opportunity under the Act to present their claims for adjudication by the proper officers of the United States. Third—That the certificate of purchase was *prima facie* evidence that the land was sold by the State in good faith, and if the land be within any of the exceptions stated in the Act, the burden of proof to show that fact is on the adverse party. In the present case, the plaintiff was in the actual possession, as the tenant of the locators, and the land had been surveyed in the field. The certificate of purchase was *prima facie* evidence that the land had been purchased from the State in good faith; and, within the proper time, the locators had made their applications to the proper officers of the United States to be allowed to prove up their claims and have them adjudicated. The defendants had made no attempt to pre-empt the land until long after the passage of the Act of Congress; and when they entered, the plaintiff, holding under the locators, was in the actual possession. This possession was, therefore, lawful, and was protected by the Act; and the land not being subject to pre-emption, the defendants were trespassers. Being mere intruders, without title or color of right, the plaintiff was entitled, in virtue of his prior possession, to a judgment of restitution. Moreover, if the defendants intended to rely upon the fact that the plaintiff's right to the possession had expired during the pendency of the action, the fact should have been pleaded in a supplemental answer.

But the defendants contend that, at the date of the State locations, the land was within the exterior limits of a Mexican grant, not then finally confirmed and segregated, and that for that reason it was expressly reserved from location

by the first section of the Act of Congress. It is claimed, therefore, that these locations were absolutely void. But these actions were tried before the present codes took effect, and the findings are silent on the point now suggested, nor was there any exception on that ground. In such cases it is well settled that we must presume the implied findings on this point to have been in accordance with the judgment. The defendants, however, in their statement on motion for new trial, specified this as one of the particulars wherein the evidence was insufficient to justify the finding and judgment, and claim that a new trial ought to have been granted on this ground. But the evidence on this point was so extremely meagre and unsatisfactory that we are not inclined to disturb the judgments on this ground.

Judgments affirmed.

Neither Mr. Justice NILES, nor Mr. Justice McKINSTRY, expressed an opinion.