## WOOLNER *v.* ZEIGLER.

JUDGMENT AFFIRMED ON THE AUTHORITY OF MILLER v. ZEIGLER, *ante.*

THE defendant appealed from a judgment on default entered in the first district court in favor of the plaintiff.

*Higbee & Smith,* for the appellant.

*Richards & Williams,* for the respondent.

The COURT:

The questions raised are such only as were decided against the appellant in *Miller* v. *Zeigler,* decided at this term. On the authority of that case, therefore, the judgment in this is affirmed.

---

## SMITH *v.* FISHER.

EXTENSION OF THE TIME TO FILE TRANSCRIPT ON APPEAL in this court, under rule 2, must be obtained before the expiration of the time in which, under said rule, the transcript should be filed, or the appeal will be dismissed on motion.

WHERE A PARTY APPEARS AND IS HEARD IN OPPOSITION TO AN EX PARTE MOTION, thereafter he is precluded from treating the order made upon such motion as an *ex parte* order.

APPEAL from the third district court. The defendant appealed, but failed to file the transcript on appeal within thirty days from the date the appeal was perfected. Subsequently the defendant, on application to the chief justice, without disclosing that the time for filing the transcript had expired, obtained an order extending the time to file the transcript, and within this extension of time filed the transcript. The plaintiff, under rule 3, applied *ex parte* for an order dismissing the appeal; the defendant was heard, at his request, in opposition to the motion. The rules of the supreme court provide:

"Rule 2. In all cases where an appeal shall be perfected, the transcript of the record shall be filed in this court within thirty days after such appeal shall have been perfected, unless further time be allowed by the court or one of the justices.

"Rule 3. If a transcript be not filed within the time pre-

scribed or allowed, the appeal may be dismissed, on motion, during the first week of the term without notice, and at any time afterwards on notice; a cause so dismissed without notice may be restored during the same term on notice of five days to the adverse party, and for good cause shown; and unless so restored, the dismissal shall be final and a bar to any other appeal in the same cause."

*R. B. Tripp,* for the motion.

*J. B. Dilley, contra.*

The court, without filing a written opinion, dismissed the appeal, holding that the chief justice, after the expiration of thirty days from the perfecting of the appeal, had no power under the rules to extend the time for filing the transcript.

All the justices concurred.

Subsequently the defendant moved, under rule 3, to reinstate the appeal.

*H. F. Williams,* for the motion.

*R. B. Tripp, contra.*

The court overruled the motion to reinstate, holding that defendant's appearance on the motion to dismiss the appeal precluded him from treating the order dismissing the appeal as an *ex parte* order.

----

## SMITH *v.* FISHER.

WHERE COSTS ARE ALLOWED TO THE PREVAILING PARTY ON AN APPEAL to this court, an attorney's docket-fee of ten dollars may be taxed as a part of the costs on the appeal.

APPEAL from the third district court. The appeal of defendant having been dismissed with costs, respondent taxed as costs an attorney's docket-fee of ten dollars, which was the only item appearing in the cost bill as filed. The respondent moved to retax the costs.