[Department Two. — April 19, 1883.]

MICHAEL C. KIRSCH ET AL., RESPONDENTS, *v.* L. L. BRIGARD, APPELLANT.

EJECTMENT BY LESSEES — EXPIRATION OF LEASE PENDING ACTION. — Lessees in the actual possession of land from which they are ousted by an intruder, without title or color of right, may recover the possession in an action commenced during the continuance of the lease, though not tried until after its expiration.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The action was ejectment. The facts sufficiently appear in the opinion of the court.

*J. B. Crockett,* and *Mastick, Belcher & Mastick,* for Appellant.

*George A. Nourse,* for Respondents.

SHARPSTEIN, J.—The counsel for defendant insists that although the plaintiffs were in the actual possession and occupation of the demanded premises at the time of the entry and ouster by the defendent, their possession was not of that kind which would enable them to maintain an action of ejectment against any one who might enter upon the premises by force and violence. And this insistence is based upon certain allegations in the complaint to the effect that one Naphtaly was at the time of the commencement of the action, and for more than five years prior thereto had been, the owner, and, by himself and his tenants, in the possession of said premises, and that in the month of September, 1873, said Naphtaly leased to the plaintiffs said premises, and that they entered upon the possession thereof and remained in such possession until evicted therefrom by the defendant in the month of January, 1879. "That at the expiration of the term described in said lease, to wit, in the month of September, 1878, said lease was renewed by mutual agreement of said plaintiffs and said Naphtaly for one year"; and that at-the date of the commencement of the action (June 28, 1879) said lease was in full force. From which the learned counsel for appellant argues that "if any one could then, at the expiration of the written lease, have maintained ejectment against the defendant, it was Naphtaly, the landlord, but instead of resorting to this remedy, he made an oral lease to the plaintiffs for a term of one year, which expired September 18, 1879, and the action was commenced June 28, 1879. The only possible ground on which they could *then* maintain ejectment against the defendant was that, as tenants of Naphtaly, the owner, under the lease for one year.(which was then in force), they were entitled to be let into the possession of the demised premises by virtue of that lease. If it be conceded that they then had a good cause of action on that ground, the trouble is that the oral lease expired by its terms within less than three

months after the commencement of the action, and about one
year before the trial. The law is well settled that the plaintiff
in ejectment must be entitled to the possession both at the com-
mencement of the action and *at the time of the trial* to entitle
him to a judgment of restitution."

Briefly stated the argument is this, that as the entry and
ouster occurred before the expiration of the first written lease,
the plaintiffs' right of action terminated at the termination of
that lease, and was not renewed by the renewal of it; and con-
ceding that under the new lease they were entitled to be let into
possession and might maintain an action to recover it, they
could not recover it after the expiration of said last mentioned
lease, although they commenced their action before the expira-
tion of it. It is alleged in the complaint that the entry and
ouster by the defendant were in the month of January, 1879;
and that the plaintiffs were then holding under the lease of
September, 1878, which at the alleged date of said entry and
ouster had several months to run. So that the complaint does
not show that the alleged cause of action arose before the expi-
ration of the first or written lease, but that it arose while the
plaintiffs were holding under the second or oral lease. And it
appears by the last brief filed by counsel for appellant that he
so understands it. He says: "The complaint avers that the
defendant entered in January, 1879, during the pendency of the
one year lease, and the action was commenced in June, 1879,
and the trial commenced on September 20, 1880, more than one
year after the expiration of the oral lease."

At the date of the commencement of the action the lease had
several months to run, but it had expired before the trial com-
menced. Therefore the appellant claims that it appears by the
complaint that the plaintiffs *at the time of the trial* were not
entitled to the possession of the demanded premises, and con-
sequently not entitled to a judgment for restitution. The
plaintiffs, however, do show that at the time the action was
commenced they had a right to recover, and unless it *appears*
that such right terminated during the pendency of the action,
the verdict and judgment in their favor ought not to be dis-
turbed on that ground. And this leads to the inquiry, does it
*appear* in this case that the plaintiffs' right to recover terminated

during the pendency of the action? Appellant's counsel insists that it does, and that it appears on the face of the complaint. And he relies upon the allegation that in the month of September, 1878, the plaintiffs took from Naphtaly a lease of the premises for one year, and as that term would expire before the action was tried, it is claimed that the plaintiffs' right terminated during the pendency of the action.

In none of the cases cited by counsel on this point did it appear that the plaintiffs' right to recover terminated during the pendency of the action, but that he had no right when he commenced his action, and sought to recover upon a right acquired during the pendency of the action. And the court simply said that, "to a recovery in ejectment the plaintiff must not only have a right of entry at the trial, but must have had it when the suit was brought." (*Kile* v. *Tubbs*, 32 Cal. 332.)

A complaint in ejectment need show no more than that at the time of the commencement of the action the plaintiff is entitled to the possession of the demanded premises, and that the same is unlawfully withheld from him by the defendant. It need not show that the plaintiff will be entitled to such possession at any future period of time. As was said in *Pico* v. *Pico*, 56 Cal. 453, there is nothing in our Code which provides for anticipatory pleading.

In this case it did not appear by the complaint that the right to recover would terminate before the action was tried, because no attempt was made to predict when it would be tried. There was at least a possibility that it might be tried before the expiration of the lease under which the plaintiffs held when they commenced their action. If no mention had been made of any lease in the complaint, and all the facts alleged in regard to leases had been first brought out in the evidence, we might hold, on the authority of *Foscalina* v. *Doyle*, 47 Cal. 437, that " if the defendant intended to rely upon the fact that the plaintiff's right to the possession had expired during the pendency of the action, the fact should have been pleaded in a supplemental answer."

The complaint stated facts sufficient to constitute a cause of action, and the defendant did not move for judgment before the trial on the ground that it appeared on the face of the complaint

the plaintiffs' right to recover had terminated during the pendency of the action, which he might have done if his present position be tenable. We therefore conclude that the only way in which advantage could be taken of the fact which it is here sought to take advantage of, would be by pursuing the course pointed out in *Foscalina* v. *Doyle, supra.*

But the allegations in regard to leases are mere surplusage. Strike them all out and sufficient remains to constitute a good complaint in ejectment, and the evidence would be sufficient to justify the verdict. There was evidence tending to prove that the plaintiffs had been in the actual possession of the land in controversy for many years, during which they had cultivated and improved it, and that it was enclosed by a substantial fence. That while they were so in the possession of it the defendant forcibly entered and took possession of it. He attempts to justify such entry on the sole ground of its being made for the purpose of pre-empting the land. But it is now well settled that land occupied, fenced, and cultivated as this is shown by some of the witnesses to have been at the time of such entry, is not open to settlement and entry under the pre-emption laws of the United States. Therefore, as was said in *Foscalina* v. *Doyle, supra,* the defendant "being a mere intruder, without title or color of right, the plaintiff was entitled, in virtue of his prior possession, to a judgment of restitution." In such a case it would be immaterial by what right the plaintiff claimed to be in possession. The simple fact that he was in the *actual* possession at the time of the forcible intrusion would entitle him to recover as against the naked intruder, who had forcibly entered without title or color of right. And it is admitted by appellant's counsel "that if the land be public land of the United States (as this land was) the law, as against a mere trespasser, will presume a grant from the United States to the person who first obtains actual possession." And that presumption as between the person who first obtains actual possession and a mere trespasser is a conclusive presumption. Otherwise it could so easily be overcome as to afford no substantial protection to persons in the actual prior possession of such lands.

Assuming, as we must in this case, that at the time of the defendant's entry the plaintiffs were in the actual possession of

the demanded premises, and that at the time of the commencement of their action they were entitled to recover the same, we are of the opinion that that right did not terminate by reason of the expiration during the pendency of the action of the term of the lease between them and a stranger to the action, although it appeared that as between them and their lessor their right to the possession of the premises had terminated during the pendency of the action.

If we are correct in this it follows that there was no substantial error in any of the instructions given to the jury, and the court was justified in modifying the instruction asked by the defendant before giving it.

Judgment and order affirmed.

THORNTON, J., and MYRICK, J., concurred.