CORINNE MILL, CANAL, AND STOCK COMPANY,
APPELLANT *v.* WILLIAM JOHNSTON, RESPOND-
ENT.

APPEAL.—FILING OF TRANSCRIPT.—Under rules two and three of the
supreme court providing that the transcript shall be filed within
thirty days after the appeal shall have been perfected, unless fur-
ther time be allowed, the appeal will be dismissed if transcript
be not filed in thirty days, unless a satisfactory showing of
reasonable diligence be made.

ID.—MOTION TO DISMISS.—When motion to dismiss an appeal was
denied on account of a showing made, and when no additional
time was asked, the denial of the motion contemplated the im-
mediate filing of the transcript, and if the transcript was not
filed, the appeal will be dismissed.

APPEAL.—ABANDONMENT OF, AFTER REFUSAL TO DISMISS.—When
motion to dismiss appeal is denied, the appellant is estopped from
claiming that he afterwards abandoned the appeal.

APPEAL of respondent from judgment and appeal of ap-
pellant from order granting a new trial of first district
court.   The opinion states the facts.

*Mr. James N. Kimball,* for appellant.

*Mr. T. Maloney,* for respondent.

BOREMAN, J.:

There were two appeals in this case, one being taken by
the defendant from the judgment, and the other by the
plaintiff from the order of the district court granting the
defendant's motion for a new trial, and each party filed a
motion to dismiss the appeal of the opposite party, upon
the ground that the appeal was not filed in the time re-
quired by rules two and three of this court.   On the fifth
day of March, 1886, a judgment was rendered in the case
by the district court against the defendant, and on the
tenth day of April following the defendant took his appeal
therefrom to this court.   At the last June term of this
court the plaintiff moved the court to dismiss the appeal

of the defendant thus taken, for the reason that the transcript had not been filed in the time required by said rules. The reasons why the transcript was not filed in time—there being some disagreement as to the time granted by the district court—were satisfactory to the court, and the motion to dismiss was overruled. Afterwards, on the twenty-seventh day of July last, and before any hearing had been had on the appeal in this court, the district court granted defendant's motion for a new trial, which motion was pending in the district court, when defendant's appeal was taken. From said order granting a new trial the plaintiff, on the sixteenth day of August following, took his appeal to this court. At the present term of this court the defendant moved the court to dismiss the appeal of the plaintiff, for also the reason that the transcript was not filed within the times required by said rules. Thereupon the plaintiff renewed his motion to dismiss the appeal of the defendant from the judgment, claiming that the defendant had not yet filed the transcript on his appeal. These two latter motions made at the present term will be considered together in this opinion.

The rules two and three referred to provide that the transcript shall be filed within 30 days after the appeal shall have been perfected, unless longer time be allowed by the court or one of the justices of the supreme court. There is no dispute about the fact that in each case the transcript was not filed within the thirty days, nor within any time allowed by either court or justice. But it is by each contended that in this case satisfactory reasons are shown for his failure. A court cannot by a rule deprive a party of a legal right (*People* v. *McClellan*, 31 Cal., 103), but it is not the object of these rules to deprive a party of a legal right. The purpose is simply to require diligence on the part of appellants, and not to allow them to perfect their appeal, tie up the subject of litigation, and then unnecessarily delay the final adjudication of the case. It is not the purpose of the court to enforce the letter of the rules, and lose sight of the spirit. Rules adopted in furtherance of justice are not to be used to defeat justice. Hence a satisfactory showing of reasonable

diligence in endeavoring to comply with these rules will excuse a party for his failure; but a court must observe its own rules: *Hanson* v. *McCue*, 43 Cal., 178.

In the matter of the plaintiff's appeal, we do not think any good reason is shown why the transcript was not filed within time. If a party found that he was likely to be behind without any blame or fault of his, the duty devolved upon him to protect himself by at least making a diligent effort to obtain additional time. From the sixteenth of August to the sixth of January following is a long time in which to get a record of 132 pages, printed matter, ready for filing. If, however, it was in fact necessary, the court or one of the justices would likely have extended the time, upon a showing of the fact. It does not appear that any extension was sought. The motion, therefore, of the defendant to dismiss the appeal of the plaintiff is sustained, and plaintiff's appeal is dismissed at plaintiff's costs: *Smith* v. *Fisher*, 3 Utah, 24; *Leech* v. *West*, 2 Cal., 98; *Hagar* v. *Mead*, 25 Cal., 600.

In the matter of the appeal of the defendant, we deem that it was proper for the plaintiff to renew his motion to dismiss, upon the ground that after the formal denial of the motion the defendant failed, and still fails, to file the transcript. The motion was denied at the last June term of this court, upon the showing then made by the defendant. The denial of the motion to dismiss at that time contemplated the immediate filing of the transcript by the defendant, and no additional time was granted or asked. Six months have passed, and the transcipt is not filed yet. No reasons are given for this delay; but defendant claims that, because he has neglected for this long time to file his transcript, he is to be considered as having abandoned his appeal. There might be some plausibility in such a plea, if urged by the opposite party; but, when urged by the party who is. guilty of the negligence, it looks very much like seeking to take advantage of one's own wrong. But the defendant is estopped from saying that he has no appeal here, for the reason that he appeared in the case in this court at the last term, and then contended that he had an appeal, and his resistance to its dismissal was sus-

tained by the court.   Besides, this court cannot ignore the appeal, nor can the district court do so.   Our Code of Civil Procedure, section 835, provides that, whenever an appeal is perfected, it stays further proceedings in the court below, upon the judgment or order appealed from, when the proper bond is given, except where the statute otherwise provides: Laws 1884, p. 306.   The general doctrine is that, after appeal, the action is removed to the appellate court from the court below, except as to matters not affected by the appeal, and the lower court has no longer any power or control over the action: *People* v. *Center*, 54 Cal., 236; *Baggs* v. *Smith*, 53 Cal., 88; *McGarrahan* v. *New Idria Min. Co.*, 49 Cal., 331; *Reynolds* v. *Reynolds,* 67 Cal., 176.   It is said there was, when the defendant's appeal was taken, a motion for a new trial pending, and that since the appeal was taken the district court has granted the motion.   We cannot now pass upon the effect of those proceedings, but can only consider them on an appeal taken from such ruling: *Smith* v. *Trefry,* 12 Pac. Rep., 351.   Our territorial statute says that the dismissal of an appeal is in effect an affirmance of the judgment or order appealed from, unless the dismissal is expressly made without prejudice to another appeal.   Code Civil Proc., sec. 844 (Laws 1884, p. 308).   The motion of plaintiff, therefore, to dismiss the appeal of defendant is sustained, and the appeal is dismissed at the costs of defendant, but without prejudice to another appeal.

ZANE, C. J., and HENDERSON, J., concurred.