### Ex parte MURRAY.

(Circuit Court, E. D. Louisiana. February 27, 1895.)

#### No. 12,380.

CONSTITUTIONAL LAW—FOURTEENTH AMENDMENT.

M., a colored man, applied for a writ of habeas corpus, alleging that he was in custody under an indictment for murder found by a grand jury in the selection of which the jury commissioners had violated the fourteenth amendment of the constitution of the United States, and the constitution and laws of Louisiana, in failing to summon persons of M.'s race; and that he had been denied due process of law, and the equal protection of the laws, by the refusal of the judge of the court in which he was indicted to grant him a subpoena duces tecum to procure evidence in support of his challenge to the grand jury, or to entertain a petition for removal of the cause to the United States court on the ground of local prejudice. *Held,* that the petition stated no violation of the constitution or laws of the United States, and did not entitle M. to a writ of habeas corpus.

This was a petition by James Murray for writs of habeas corpus, certiorari, and prohibition, alleging that he was illegally restrained of his liberty under an indictment, and that he had been denied due process of law, and the equal protection of the laws, in violation of the constitution of the United States.

Thomas F. Maher, for petitioner.

PARLANGE, District Judge. The applicant alleges, substantially, that he is an American citizen of the African race; that he is in custody of the criminal sheriff for the parish of Orleans, La., under an indictment for murder, which indictment was presented in the state court by grand jurors selected by the jury commissioners under Act No. 170 of the legislature of Louisiana held in 1894; that said jury commissioners violated the fourteenth amend-

ment of the constitution of the United States by failing to summon before them for qualification, citizens of applicant's race, in compliance with the constitution and laws of the state of Louisiana; that said jury law No. 170 of 1894 is unconstitutional, and violates the fourteenth amendment; that the right secured to applicant by the state constitution and the law providing for equal rights to all citizens of the United States was denied him by the state court, in this: that having filed a challenge to the grand jury which indicted him, which challenge was ordered filed for argument on the face of the papers, applicant moved for a subpoena duces tecum to issue to the register of voters and jury commissioners, requiring them to furnish evidence necessary to support the challenge, and said subpoena was refused by the state judge, thereby denying applicant due process of law and the compulsory attendance of witnesses, in violation of the state constitution and the fourteenth amendment; that the man with whose murder applicant is charged was a white man, and local prejudice is so strong as to prevent an impartial trial in the state courts; that applicant requested the state judge to fix for argument a petition, filed by applicant, for the removal of the cause to this court, and applicant asked to be allowed to summon witnesses in support of said petition, which requests the state judge refused to entertain, and from such refusal applicant's counsel reserved a bill of exceptions; that the act of the state judge in refusing said requests was the act of the state of Louisiana denying applicant due process of law, and the equal protection of the law, in violation of the fourteenth amendment; that his trial in the state court is fixed for February 28, 1895. Applicant prays for a writ of habeas corpus, and also for writs of certiorari and prohibition to the state judge and state district attorney, enjoining them from further proceeding in his case until the further order of this court.

While the writ of habeas corpus is a writ of right, it will not issue as a matter of course. Section 755, U. S. Rev. St., provides that the writ shall issue "unless it appears from the petition itself that the party is not entitled thereto." Nor will the writ issue if it appears, upon the showing made by the applicant, that if brought into court, and the cause of his confinement inquired into, he would be remanded to prison. Ex parte Terry, 128 U. S. 301, 9 Sup. Ct. 77; In re King, 51 Fed. 435, and cases there cited. Applicant, upon his own showing, is not entitled to the issuance of the writ. Section 641, U. S. Rev. St., affords protection against state action, not against judicial action. The jury law No. 170 of 1894 does not violate the constitution of the United States. It directs the jury commissioners to select the jurors at large and impartially from the citizens of the parish of Orleans having the requisite qualifications as voters. It provides qualifications for jurors which do not discriminate against men of African race. The act of the legislature of Virginia which the United States supreme court held to be constitutional in Virginia v. Rives, 100 U. S. 315, seems to have been almost identical with said Act No. 170 of 1894. In Strouder v. West Virginia, 100 U. S. 304, the state law provided that only

white men should be jurors. The following authorities are decisive of this matter adversely to the applicant: Virginia v. Rives, Id. 315, 320–322, 333; Neal v. Delaware, 103 U. S. 387; U. S. v. Harris, 106 U. S. 639, 1 Sup. Ct. 601; Civil Rights Cases, 109 U. S. 11, 3 Sup. Ct. 18; Ex parte Harding, 120 U. S. 782, 7 Sup. Ct. 780; In re Wood, 140 U. S. 278, 11 Sup. Ct. 738; In re King, 51 Fed. 435, and authorities therein cited. The case of Andrews v. Swartz (recently decided by the supreme court of the United States, Feb. 4, 1895) 15 Sup. Ct. 389, is in point. I therefore decline to issue the writs.