## Ex parte COLLINS.

### (District Court, N. D. California. August 18, 1906.)

### No. 13,591.

1. HABEAS CORPUS—FEDERAL COURTS—SUFFICIENCY OF PETITION.

Under Rev. St. § 755 [U. S. Comp. St. 1901, p. 593], a federal court or judge will not issue a writ of habeas corpus if "it appears from the petition itself that the party is not entitled thereto," and that if brought into court, and the cause of his commitment inquired into, he would be remanded to prison.

2. COURTS—JURISDICTION TO SET ASIDE ORDER—EFFECT OF PENDENCY OF PROCEEDINGS IN ERROR.

The granting by a state court of a writ of error for a review by the Supreme Court of the United States of its decision in a habeas corpus proceeding involving federal questions does not deprive the state court of jurisdiction to set aside an order made at the same time, admitting the prisoner to bail before bail has been accepted thereunder.

On Petition for Writ of Habeas Corpus.

George D. Collins, in pro. per.

DE HAVEN, District Judge. This is an application made to me, as judge of the above-entitled court, by George D. Collins for the issuance of a writ of habeas corpus. Section 755 of the Revised Statutes [U. S. Comp. St. 1901, p. 593] provides:

"The court, or justice, or judge to whom such application is made shall forthwith award a writ of habeas corpus, unless it appears from the petition itself that the party is not entitled thereto. The writ shall be directed to the person in whose custody the party is detained."

And the rule is that the writ need not be issued, "if it appear upon the showing made by the petitioner, that if brought into court, and the cause of his commitment inquired into, he would be remanded to prison." Ex parte Terry, 128 U. S. 289, 9 Sup. Ct. 77, 32 L. Ed. 405; Ex parte Murray (C. C.) 66 Fed. 297; In re King (C. C.) 51 Fed. 434.

Upon consideration of all the matters alleged in the complaint or petition, constituting the present application, I am of the opinion that applicant upon his own showing is not entitled to the issuance of the writ. It appears from the complaint or petition herein: That, on July 30, 1906, there was pending in department 4 of the superior court of the city and county of San Francisco a proceeding, wherein this petitioner sought to be released from imprisonment in the county jail of the city and county of San Francisco, under a judgment theretofore made and entered in the superior court of the city and county of San Francisco, by which he was convicted of the crime of perjury, and adjudged to be punished therefor by imprisonment in the state prison of the state of California at San Quentin, for the term of 14 years; that in that proceeding the petitioner sought his release, upon the ground that his prosecution upon said charge of perjury, and the judgment of the court therein, were in violation of the treaty of extradition then existing between the United States and Great Britain, and of section 5275 of the Revised Statutes of the United States [U. S. Comp. St. 1901, p. 3596], and of section 1 of the fourteenth amendment of the Constitution of the United States; that upon the hearing of said petition for a writ of habeas corpus in department 4 of the superior court of the city and county of San Francisco, the court gave judgment discharging the said writ of habeas corpus, and remanded the petitioner; and, in doing so, decided adversely to the petitioner all of the federal questions therein involved; that thereupon there was allowed, issued, served, and filed in favor of the petitioner, a writ of error from the Supreme Court of the United States to the said superior court; that the judge presiding in department 4 of said superior court, made an order, allowing such writ of error, the same to operate as a supersedeas, and said court made its further order "that bail be, and the same is, hereby fixed on said writ of error in the sum of $10,000"; that thereafter, on August 13, 1906, the judge of said superior court "did, ex parte and on his own motion, arbitrarily make an order purporting to set aside said order fixing said bail of this complainant on said writ of error, and did so ostensibly and solely upon the ground that said judge had not determined any of the federal questions involved in the case." The petition further alleges:

"This complainant further says that said judge and said superior court, on granting said supersedeas and bail, became and were functus officio, and without authority, jurisdiction, or power to vacate or set aside said order granting bail to this complainant on said writ of error. This complainant further says that said writ of error and said supersedeas are still in full force and effect, and no order has been made in any manner purporting to set aside or vacate said writ of error nor the said supersedeas. That from the time said

writ of error was allowed and issued and filed and said supersedeas and bail were granted, the entire matter thenceforth became of federal cognizance, and could only be disturbed, if at all, by the Supreme Court of the United States. That said order granting bail to this complainant vested in him under the laws of the United States an absolute right to his liberty upon bail pending the final determination of the said writ of error by the Supreme Court of the United States, and no state court or judge thereof thenceforth possessed any power, authority, or jurisdiction to disturb or vacate nor interfere with said order granting said bail or said writ of error.

The prayer of the petition is for the issuance of a writ of habeas corpus, returnable at a time and place designated, and that upon the hearing, the petitioner, "be ordered discharged, and released from said imprisonment upon furnishing said bail, the sureties to be approved by the judge of the District Court of the United States, Northern District of California, or by said superior court, or a judge thereof, and on filing said bail thus approved, in the clerk's office of said superior court, in said cause wherein said writ of error issued. That this complainant be discharged from said imprisonment upon said bail."

1. It will be seen that the broad contention of the petitioner is that after the allowance of the writ of error and supersedeas in the proceeding referred to, and the court had made its order that bail be fixed in the sum of $10,000, pending the hearing upon the writ of error, that the superior court had no jurisdiction to vacate its order admitting him to bail, and in support of this contention the cases of In re Chetwood, 165 U. S. 443, 17 Sup. Ct. 385, 41 L. Ed. 782, and McGarrahan v. New Idria M. Co., 49 Cal. 331, are cited. In the case first cited, it was decided that, when a case has been removed from the Circuit Court to the Supreme Court by a writ of error, it is then for the Supreme Court to determine whether it will entertain jurisdiction of the cause removed, and to dispose of controversies in respect to the form of the writ, the parties, and the citation and service, without interference from any other court; and in the latter it was held that, when an appeal has been granted by a District Court of the United States to the Supreme Court, the jurisdiction of the Supreme Court attaches, and the District Court has no power to vacate the order granting the appeal. But these cases are not in point upon the present application. The superior court of the city and county of San Francisco, in vacating the order admitting the petitioner to bail, did not trench upon the jurisdiction of the Supreme Court to determine any question arising upon the writ of error. It only set aside an order which it had become satisfied was improvidently made, and this it had the undoubted authority to do, certainly, as in this case, before the acceptance of bail thereunder.

It is therefore ordered that the application for the issuance of the writ of habeas corpus be denied, and, to the end that a record of this proceeding be had, the clerk is directed to file the application for the writ, and this opinion and order.