## GIBSON vs. WILSON.

1. The judgment of a court cannot be altered or corrected at a term subsequent to that at which it was rendered, except in matters of clerical omission or misprision.

ERROR to the County Court of Talladega.

WHITE & PARSONS, for the plaintiff: This case presents but one point, viz:—the power of the court at a subsequent term to amend a judgment rendered at the previous term of the County Court, and render judgment against the successful party for half the cost. It has been repeatedly held by this court that it cannot be done.—See Locke v. Noland, 16 Ala. 52; Johnson v. Glascock, 2 ib. 521; 12 Peters, 492.

RICE, for the defendant:

1. If in any case removed from a justice's court into the County Court, the plaintiff recovers less than he had recovered in the justice's court, and the clerk of the County Court *by mistake* enters a judgment against the defendant for all the costs, *the judge who tried the case* may at a subsequent term amend the judgment and make such entry *nunc pro tunc*, as in his discretion he intended should have been made at the former term. The entry of the clerk will be treated as a mere clerical misprision, amendable by the judge.—Hood v. Bank, 9 Ala. 335; Coffey v. Wilson, 2 ib. 701; Mays v. Hassel, 4 S. & P. 222; Wilkerson v. Goldthwaite, 1 S. & P. 159; Scales v. Swan, 9 Porter, 163.

2. "Every court must have the power to correct its own entries, so as to make them speak the truth of the case, *even after the adjournment* of the court, on sufficient evidence that an error of fact has been committed."—Coffey v. Wilson, 2 Ala. 701.

3. The only matter *actually* excepted to by plaintiff, is the refusal to dismiss the supersedeas. There was no error in this, because the supersedeas was proper, and even if not proper, it had spent its force, and it was the duty of the court to hear the motion to correct the judgment and quash the execution.

4. The order of the court dividing the costs is a mere exer-

cise of discretion, and not revisable. And although the defendant *objected* to it, he did not *except*, and therefore this court will not revise it.

DARGAN, C. J.—The plaintiff brought five suits before a justice of the peace against the defendant on five promissory notes. Judgments were rendered by the justice in favor of the plaintiff, and the defendant, having paid upon them all that he supposed he was legally bound to pay, applied to the judge of the County Court for writs of *certiorari*, which were granted, and the causes removed to the County Court. A motion was made in that court to consolidate all the suits into one, which was granted. A trial was then had, and the jury returned a verdict in favor of the plaintiff for twenty-five cents, for which judgment was rendered in favor of the plaintiff, and also for the costs of suit. An execution was issued on this judgment, both for the costs and the twenty-five cents, which was superseded on the petition of the defendant, and at the next term the plaintiff moved the court to quash the writ of supersedeas, which was refused. The defendant then moved the court to correct the judgment, and to render judgment *nunc pro tunc* against the plaintiff for the costs, as he had failed to recover in the County Court as much as he had recovered in the court below. This motion was granted so far as to render judgment against the plaintiff for one half the costs, rendering judgment at the same time against the defendant for the other half. To revise this judgment the plaintiff has sued out a writ of error. It is not necessary to examine the facts of this case, for the purpose of ascertaining whether it was discretionary with the County Judge to render judgment against the plaintiff for all or any part of the costs, or whether it was his duty to do so; for it is certain that at the term of the court when the suit was tried, judgment was rendered against the defendant for all the costs, and whether right or wrong, it could not be altered at a subsequent term. In the case of Noland v. Lock, 16 Ala. 52, we held that the Orphans' Court had not the power to vacate a judgment for costs as to one party, and to adjudge them against the other at a term subsequent to that at which the judgment was rendered; and in the case of Johnson v. Glasscock, 2 Ala. 522, this court said that it was very certain that after the court

has adjourned, its judgments, however erroneous, cannot be reversed by the same tribunal, except for mere clerical defects or omissions.—See also, *Ex parte* Sibbeld, 12 Pet. 492. It cannot be pretended from the facts disclosed by this record, that the judgment was rendered against the plaintiff for any part of the costs, at the term of the court where the suit was tried, which had not been entered of record from the neglect or omission of the clerk. But, on the contrary, it is clear that judgment for the entire amount of the costs was then rendered against the defendant. This being the case, the County Court had no control over it after its adjournment; nothing could be added to or subtracted from the judgment at a subsequent term, unless it were to correct a mere clerical omission or misprision.

The County Court, therefore, erred in rendering judgment against the plaintiff for one half the costs, and also in refusing to quash the supersedeas, as the grounds on which that suit was granted are the same upon which the court undertook to correct its judgment rendered at a previous term.

Let the judgment be reversed.