# CASES

## ARGUED AND DETERMINED

### IN THE

# SUPREME COURT OF MINNESOTA,

## JANUARY TERM, 1867.

———•◦•———

### THE LA CROSSE AND MINN. PACKET CO.

#### v.

### JAMES S. REYNOLDS, et al.

The filing and docketing of a transcript of a judgment of this court in any county of this State, for the purpose of issuing an execution upon such judgment under rule 29 of this court, is not a remittitur.

When a case is brought into this court by an appeal from an order on a demurrer to the complaint, and final judgment in the action is entered in this court, it remains in this court till a remittitur is issued, and until a remittitur is issued, the court below has no jurisdiction to grant leave to answer.

Where a judgment was in fact entered in this court and the jurisdiction of the court to enter it actually determined, the validity of the judgment, so far as the question of jurisdiction is concerned, is *res adjudicata*.

This action was brought for an injunction restraining the defendants from selling the property of the plaintiff, under an

execution issued in an action wherein defendant Reynolds was plaintiff, and the said plaintfff was defendant. The plaintiff obtained a temporary injunction, which the defendants moved to dissolve, and the court below granted such motion, and the plaintiff appeals from the order dissolving the injunction, to this court.

The points presented are fully stated in the opinion of the court.

ALLIS & WILLIAMS, for Appellant.

GEORGE L. OTIS, for Respondent.

*By the Court*—McMILLAN, J.   An action was instituted by Reynolds, one of the respondents, against the appellants in the District Court of Ramsey County; to the complaint in that action the defendant interposed a demurrer on the ground that the court had no jurisdiction of its person ; the demurrer was overruled and the defendant sued out a writ of error to this court, upon which the judgment of the court below was affirmed.   10 *Minn.*, 178.

A motion was then made by the plaintiff in error in this court, for leave to interpose an answer, which after argument was denied.   A judgment was thereupon entered in this court in favor of the defendant in error, *sec reg.*, 24.   Subsequently a motion was made in this court to vacate and set aside the judgment for want of jurisdiction ; this motion after argument was denied.

A transcript of the judgment of this court was filed in the District Court of Ramsey County, under rule of this court, and execution issued out of this court to the sheriff of Ramsey county, by virtue of which, a levy was made on the property of the plaintiff in error.

Thereupon an action of replevin was instituted by the appellants in this case, which is still pending. Thereupon, the necessary bond not having been filed in the original action, the plaintiff in that action issued an execution out of the district court on the original judgment in that court, and the appellants here commenced this action and obtained a temporary injunction staying the parties from proceeding upon said writ of execution, &c. The respondents moved to dissolve the injunction.

The motion was heard upon the pleadings and affidavits, and the injunction was dissolved. From the order dissolving the injunction this appeal is taken.

The filing and docketing of a transcript of a judgment of this court, in any county of this State, for the purpose of issuing an execution upon such judgment, under rule 29 of this court, is not a remittitur.

No remittitur having issued in the original action between these parties at the time the present action was commenced, it was in this court; it was therefore not within the power of the district court to grant the appellants leave to answer in that action, and the injunction in so far as it rested upon the appellant's right to this relief, could not be supported. That a judgment was in fact entered in this court is manifest. The jurisdiction of this court to enter the judgment having been previously determined in the original action between the parties, the validity of the judgment so far as that question is concerned, is *res adjudicata.* As to any other question affecting its validity we are not advised, and none is relied on or presented by the appellant in this case. If there be such, it will be time to consider it when presented for our adjudication. The execution sought to be enjoined having been issued out of the district court, would be within the control of that tribunal, as would any other proceeding taken in that

court upon the original judgment in the action between these parties, and if irregular or void for any cause, relief to that extent could be granted by the court, on the motion of the party aggrieved. Adequate relief at law being afforded by this means, the remedy in equity, by injunction or otherwise, would not exist. For this reason we think the injunction was properly dissolved.

The order dissolving the injunction is affirmed.