[No. 5802.]

## ISAAC BAGGS ET AL. v. CHAS. S. SMITH.

FINDINGS MUST RESPOND TO MATERIAL ISSUES.—The material issues made by the pleadings must be responded to by the findings.

AMENDING FINDINGS AFTER APPEAL.—After an appeal has been taken, the Court below has no authority to make new or further findings.

APPEAL from the District Court of the Twentieth Judicial District, San Benito County.

The action was brought to recover a fee of one thousand two hundred dollars for professional services as attorneys. The answer denied the indebtedness, alleged a special contract, under which the plaintiffs·were employed at a per diem, and set up a counter-claim for money lent. The plaintiffs in their reply denied all these allegations. The findings were as follows:

"FINDINGS.—This cause was, by consent of both parties, tried before the Court without a jury. From the testimony adduced, I find the facts as follows:

"1st. The plaintiffs are attorneys at law, and during a portion of the year 1870 were practicing as copartners at the County of San Benito, in the State of California.

"2nd. While so engaged, the defendant employed plaintiffs to attend to certain legal matters in which he was then interested, to wit: to prosecute an action of ejectment in the District Court of San Benito County, and also to attend to certain proceedings in the Probate Court of San Francisco, wherein said defendant was interested in the estate of one A. G. Smith, deceased.

"3rd. The ejectment suit was not prosecuted by plaintiffs to final judgment, but before the trial of this case they withdrew from said case as attorneys of record, and other attorneys were substituted. In the proceeding in the Probate Court, they attended to the interest of the defendant until a final distribution was had, the defendant realizing from said estate about the sum of twenty-five hundred dollars.

"4th. There was no special contract as to what should be paid to plaintiffs for their services in the probate proceedings.

In attendance to the same, one member of plaintiff's firm twice visited San Francisco.

"The plaintiff's services in said probate proceedings were reasonably worth four hundred dollars; no part of the same has been paid by defendant.

"CONCLUSION OF LAW.—That plaintiffs are entitled to judgment against said defendant for the sum of four hundred dollars and costs of suit. Judgment accordingly.

"May 5th, 1877.                          D. BELDEN,
"[Endorsed] Filed June 4th, 1877.          District Judge."

Judgment was rendered accordingly, and the defendant appealed June 28th, 1877. Subsequently—August 6th, 1877—upon motion of plaintiffs, additional findings were filed, and the defendant appealed from the order granting the motion to amend the findings.

*Wm. Leviston,* for Appellant.

1. The findings do not respond to the issues. (*Harris* v. *Burns,* 51 Cal. 528; *People* v. *Forbes,* 51 Cal. 628; *Dowd* v. *Clark,* 51 Cal. 505.)

2. Pending the appeal the District Court lost all jurisdiction over the case and could not amend the findings. (*Bryan* v. *Berry,* 8 Cal. 130; *McGarrahan* v. *New Idria Mining Co.* 49 Cal. 331; *Mulford* v. *Estudillo,* 32 Cal. 129; *Thornton* v. *Mahoney,* 24 Cal. 569.)

*James H. Breen,* for Respondents.

By the COURT:

The findings filed June 4th, 1877, are insufficient to support the judgment entered on that day, in that they did not respond to the issue joined upon the counter-claim of the defendant for the alleged loan of moneys to the plaintiffs. It is the settled rule that the material issues made by the pleadings must be responded to by the findings.

The order of August 6th, 1877, amending the findings, was

also erroneous, if for no other, for the reason that the cause was then pending in this Court upon appeal from the judgment, and under such circumstances the Court below had no authority to make new or further findings in the cause.

Judgment and order of August 6th, 1877, reversed, and cause remanded for a new trial.