[No. 6,979.]

# PEOPLE *v.* CENTER ET AL.

APPEAL—TRANSCRIPT—CLERK—JURISDICTION.—After an appeal to this Court is complete, the action is removed from the Court below, except as to matters not affected by the appeal, and that Court has no longer any power or control over the action, and is not authorized to say what papers shall be used on appeal to this Court. Therefore, an order of such Court forbidding the Clerk to certify a proposed transcript on appeal, is void.

ID.—ID.—ID.—ID.— For all purposes connected with its appellate jurisdiction, this Court has the same power over the Clerk of the Court below as over its own Clerk; and if such Clerk refuse to certify the transcript, will, on motion, order him to do so.

ID.—ID.—ID.—ID.—It is the duty of the Clerk to certify to the correctness of the documents in the transcript, if they are correct copies of originals in his custody; and whether such documents, when certified, will constitute a transcript on appeal in the case, is not a question for him to determine.

MOTION for an order to the County Clerk of the City and County of San Francisco to certify a transcript on appeal.

The facts are stated in the opinion.

*James B. Townsend,* for Appellants.

*Stetson & Houghton,* for Respondents.

Department No. 1, McKEE, J.

Counsel for respondent has argued the application in this case as though it was an action of mandamus; but it is not, and therefore the authorities to which he refers are inapplicable.

The application is a motion for an order on the County Clerk of the City and County of San Francisco to compel him, upon payment of his lawful fees, to certify to the correctness of the several documents contained in a printed transcript presented to him for his signature, as a transcript on appeal in this case.

It is objected, by way of answer to the affidavit on which the motion is made, that the so-called transcript is not correct; that it does not conform to §§ 950, 951, and 952 of the Code of Civil Procedure, and that the Judge of the Superior Court, from whose judgment the appeal in this case has been taken, has

made an order forbidding the Clerk to certify to the correctness of the transcript.

But the order of the Superior Judge is void, because it was made in the action after an appeal had been taken from his judgment and orders, and while the same was pending in this Court on appeal, and because a court from which an appeal has been taken is not authorized to say what papers shall be used on appeal to this Court. (*Buckman* v. *Whitney*, 28 Cal. 555.) That is a matter regulated by the Code of Civil Procedure. After an appeal to this Court is complete, the action is removed from the Court below, except as to matters not affected by the appeal, and that Court has no longer any power or control over the action. (*Baggs* v. *Smith*, 53 Cal. 88.) For all purposes connected with its appellate jurisdiction, this Court has the same power over the Clerk of the Court below as it has over its own Clerk; and it may, on a proper application, by order require the Clerk of the Court below to perform any duty which is necessary to a complete exercise of its jurisdiction in the cause.

By § 128 of the Code of Civil Procedure, every Court has power to control, in furtherance of justice, the conduct of its ministerial officers, and of all other persons in any manner connected with a judicial proceeding before it, in every matter appertaining thereto. Upon that principle, this Court has, by its rules, regulated the action of clerks of inferior courts in making up and transmitting transcripts to it in cases in which appeals may be taken. (Rules 4, 12, 36.)

Whether the alleged documents, when certified, will constitute a transcript on appeal in this case, is a question which a clerk of a court cannot determine. It is his duty to certify to the correctness of the documents in the transcript, if they are correct copies of the originals in his custody, and transmit the same to this Court; and if erroneous or defective in any respect, that is a matter which the Court can hear and determine upon objections or exceptions which may be made to it.

Order granted.

MCKINSTRY, P. J., and ROSS, J., concurred.