D. T. MOORE, Trustee, v. WILLIAM HINNANT.

*Judgment of Court cannot be modified at subsequent term—Exceptions to the rule—Controversy without action—Practice.*

1. A court has no power to set aside or modify a final judgment at a subsequent term, except upon petition to rehear; or upon the ground of mistake or excusable negligence; or to correct the record so as to make it speak the truth.

2. The statute allowing controversies without action to be submitted to the judge upon a "case agreed" does not contemplate a trial by jury; and

whether this court can remand such a case and direct an issue of fact to be tried by a jury in the court below upon motion made in apt time (?).

(*Davis* v. *Shaver*, Phil., 18; *Sharpe* v. *Rintels, Ib.*, 34; *Bender* v. *Askew*, 3 Dev., 141; *State* v. *Alphin*, 81 N. C., 566; *Winslow* v. *Anderson*, 3 Dev. & Bat., 9; *Dunns* v. *Batchelor, Ib.*, 52, cited and approved).

PETITION by defendant for modification of judgment, heard at February Term, 1884, of THE SUPREME COURT.

*Messrs. MacRae & Strange,* for petitioner.
No counsel *contra.*

MERRIMON, J.   This was a controversy submitted without action in the superior court of Johnston county, wherein judgment was rendered for the plaintiff sustaining the validity of the deed in trust in question, and upon appeal to this court, the judgment of the court below was affirmed.   See 89 N. C., 455.

At the present term the defendant filed his petition praying the court to *amend and modify* its judgment entered at the last term, and to direct that the case be remanded to the superior court to the end that "an *issue* may be framed and submitted to a jury, as to the *intent* with which the deed of assignment was executed."

This is not an application to be relieved from a judgment against the defendant entered by "mistake, inadvertence, surprise, or excusable neglect"; nor can it be treated as an application to rehear the case for alleged errors of law; nor can it be treated as a motion to correct and amend the judgment entered at the last term, because, through some mistake, error or inadvertence, it is not what the court intended it to be.   It is simply an application to the court to alter the judgment entered and intended upon mature consideration to be entered, so as to permit and direct the case to be tried again in an aspect of it not heretofore, as is alleged, fully presented and considered.

The application is an unusual one.   Indeed, it is without precedent, so far as we know, in this state.   We have not been favored with an argument in support of it, and we have not, after

diligent search, been able to find any decision or other authority that warrants it.

There can be no question that this court has the power to correct any mistake in its records and judgments, so as to make them conform to what the court intended they should be, but which, through accident, mistake or inadvertence, they fail to show, because there is no entry, or a false or incorrect one. The court has power at all times to make its records speak the truth, having due regard for the rights of parties and third persons. This power, however, ought to be exercised with scrutinizing care and caution.

But the court has not the power at a subsequent term to revoke, set aside, alter or amend a final judgment entered at a former term, except upon application to rehear, or because of "mistake, inadvertence, surprise or excusable neglect," as allowed by law. The exercise of such a power is forbidden by principle and the overwhelming weight of authority, if indeed there can be any well considered case found that sustains it.

The courts of justice afford large and reasonable opportunity to litigants to have their rights and controversies cognizable in them, settled according to law. But it is a wise, just and essential principle of the law, that there must be an end to every litigation. It would give rise to universal distrust, endless strife, confusion and corruption, if the records and judgments were at all times, and indefinitely, under the control of the courts to the extent that they might, for one cause or another, or in their arbitrary discretion, modify or change them. With such a power in the courts, a litigant would never be sure that his right was settled. Indeed, that lawsuits shall be ended in the order of judicial procedure, is essential to the stability of government and the good order and well-being of society.

It is a fundamental principle of the common law, as the authorities ancient and modern show, that the court cannot change and modify its final judgments at a term subsequent to the term at which they were entered. During the term the

record, including the judgment, is *in fieri*, and may be amended or set aside, as to the court may seem proper; but after the term, the power to interfere with it no longer exists.

LORD COKE, in his treatise upon Littleton, says that " during the terme wherein any judicial act is done, the record remaineth in the breast of the judges of the court and in their remembrance, and therefore the roll is alterable during that terme, as the judges shall direct; but when the terme is past, then the record is in the roll, and admitteth no alteration, averment or proof to the contrarie." Co. Litt., 260*a*.

At a much later day, Mr. Justice BLACKSTONE said: " But when once the record is made up, it was formerly held, that by the common law no amendment could be permitted, unless within the very term in which the judicial act so recorded was done; for, during the term, the record is within the breast of the court, but afterwards it admitted of no alteration. But now the courts have become more liberal, and, when justice requires it, will allow of amendments at any time while the suit is *depending*, notwithstanding the record be made up and the term be past. For they at present consider the proceedings as *in fieri* till judgment is given; and, therefore, till then, they have power to permit amendments by the common law; but when judgment is once given and enrolled, no amendment is permitted at any subsequent term." 3 Blk. Com., 407. This is good law at this day and prevails in this state, and in most, if not in all the states of the Union, except that after the term at which judgment is given is past the court may correct it so as to make it conform to what it was intended by the court to be.

This court has seldom had occasion to refer to the subject of the power of a court of record to change its judgments after the term at which they were entered, but it has repeatedly, incidentally, recognized the doctrine that such power does not exist. *Bender* v. *Askew*, 3 Dev., 149; *Dunns* v. *Batchelor*, 3 Dev. & Bat., 52; *Winslow* v. *Anderson*, *Ib.*, 9; *Davis* v. *Shaver*, Phil., 18; *Sharpe* v. *Rintels*, *Ib.*, 34; *State* v. *Alphin*, 81 N. C., 556.

In the last named case, Mr. Justice ASHE said: "It has been well settled that a judgment regularly entered at one term of the court cannot be set aside at a subsequent term."

In other states frequent decisions have been made on this subject, and they generally, if not uniformly, deny the power of the courts to change their judgments at a term subsequently to that at which they were made. If there are exceptional cases that seem to hold to the contrary, it will be found in most of them that they only decide that the court has power to correct errors and make the records speak the truth. *Allen* v. *Whitney,* 1 Story Rep., 310; *Bush* v. *Robbins,* 3 McLean, 486; *Gibson* v. *Wilson,* 18 Ala., 63; *Harris* v. *Bellingsly, Ib.,* 438; *Harrison* v. *State,* 10 Mo., 686; *Holly* v. *Bond,* 1 Hum. & Mar. (Va.), 25; Freeman on Judg., §96.

The case in which the application before us is made was heard and decided by this court upon its merits, as presented by the facts agreed upon and submitted to the superior court, as allowed by the statute. THE CODE, §567. This court might perhaps, upon application in apt time, have directed an issue of fact to be tried by a jury, but it is too late now to entertain such application. The judgment is beyond the control of the court. We say this court might perhaps have power in such an action to direct an issue of fact to be tried by a jury, but the nature and form of the proceeding does not contemplate a trial by jury in the superior court. By the statute allowing the case to be submitted, the facts must be agreed upon and submitted to the judge. He passed upon the whole case and gave judgment for the plaintiff, and this court affirmed his judgment.

This court has no power to grant the relief prayed for, and the application must be denied. It is so ordered.

Motion denied.