## In re BULLARD'S ESTATE.

### No. 14,902; December 8, 1892.

#### 31 Pac. 1119.

**Probate Practice—Filing Additional Findings.**—Code of Civil Procedure, section 1704, provides that all orders and decrees of the court, or the judge thereof, in probate proceedings, "must be entered at length in the minute-book of the court." Held, that after an order was entered from which an appeal was taken, and while it was pend-

ing, the trial court had no power to make any new or further findings or decree in regard to the matters involved.[1]

**Probate Practice.**—Findings of Facts will not be Set Aside because they are intermixed with statements of evidence, argument, and conclusions of law.

**Probate Practice.**—The Sufficiency of a Bill of Contest in a probate proceeding will not be considered by the supreme court when it is raised for the first time on appeal.

APPEAL from Superior Court, City and County of San Francisco; E. R. Garber, Judge.

Proceeding to contest the will of James H. Bullard, deceased. From an order in favor of contestants, the beneficiary appeals. Affirmed.

George D. Collins for appellant; Eugene N. Deuprey for respondents.

BELCHER, C.—This is an appeal from an order refusing to admit a proposed will to probate. The testator, James H. Bullard, died at the age of about seventy-six years, leaving, surviving him, three grown-up sons. His estate consisted of real property in the city and county of San Francisco of the alleged value of $6,000. Eight days before his death he executed the will in question, and by it devised all of his estate to his eldest son, except a nominal legacy of five dollars to each of the other two. The eldest son presented the will for probate, and his brothers contested it upon the grounds, first, that the alleged will offered for probate is not and was not the last will, or any will, of James H. Bullard, deceased; second, "that said James H. Bullard, at the alleged time of the pretended making and execution of said pretended will, was not of sound and disposing mind"; third, that the testator, if he made the pretended will at all, was induced by the proponent and his wife to sign it by and through fraud and undue influence. The proponent answered, denying "that, at the time of the making or execution of said will, said James H. Bullard was not of sound or disposing mind," and also denying specifically each of the other grounds of contest.

---

[1] Cited in the note in 31 L. R. A., N. S., 208, on power of trial court to correct its record after an appeal or writ of error.

44

The case was tried by the court without a jury, and on August 19, 1891, a paper was filed by the clerk, which, as appears from the transcript, was signed by the judge, and had at its head the title of the court and cause, and the word "Findings," and was indorsed, "Opinion and findings denying probate of will." In this paper, after a somewhat lengthy statement of the evidence, the facts, and the law bearing upon the question of the testator's mental capacity to make a will, is found the following: "The case made by the contestants upon this issue has not been met or overcome by the defendant. It is probable that the testator was sometimes able to recognize those about him, both before and after the execution of the will, and it may have been that at times he was able to converse and to make known his wants; but it does not necessarily follow that, because of his ability to do these things, that he was of sound and disposing mind. If such a presumption arises, it is overthrown by the facts developed here. It is the case of a very old man whose vital forces were fast ebbing away, brought down to his deathbed by old age, with body and mind alike upon the eve of dissolution, and while sore with sickness, and weak with infirmities, without strength or energy, the hopeless victim of death, called upon in this condition to dispose of his property by a will prepared without his knowledge, and presented in the persuading presence of those to whom obedience, in his helpless illness, had become a habit. I find that he was not of sound and disposing mind." Then, after speaking briefly of the question of undue influence, it is said: "The other grounds of contest do not require special consideration here. I find against them. But it follows from the finding of the mental incapacity of the testator that the proposed will must be denied probate, and it is so ordered." On the day this paper was filed, a minute order was entered by the clerk "that the proposed will herein be, and the same is hereby, denied probate, from the finding of the mental incapacity of the testator herein." From this order an appeal was duly taken by the proponent of the will on October 5, 1891, and the transcript was filed in this court on December 23d following. On March 8, 1892, an order in the case was made by the trial court, reading as follows: "The application on behalf of contestants to alleged will of James H. Bullard, deceased, to have

findings and decree regularly submitted to this court by counsel for contestant signed as the proper and only finding and decree herein, coming on to be heard on the 8th day of March, 1892, after due notice, etc.: Now, the court signs and makes the findings and decree signed this 8th day of March, 1892, the only proper or any findings and decree in the above-entitled matter; and this court now orders, adjudges, and decrees hereby that the paper filed herein August 19, 1891, and indorsed in the handwriting of the court herein 'Opinion,' is not, and at no time was, in any respect, findings, and such paper was not intended in any wise to be used or construed as findings herein, and that the words, 'and findings denying probate of will,' indorsed thereon, was the act of the clerk in the county clerk's office of this court, and without right or authority, and in no wise was the act of this court; and it is hereby ordered that said paper, filed August 19, 1891, is not, and at no time was, a part of the judgment-roll herein, and that the order made upon said paper filed August 19, 1891, and all proceedings thereon, be, and the same are hereby, vacated and set aside." The order thus made, and the findings and decree signed and filed, have been brought here on suggestion of the diminution of the record.

The respondents contend that "the appeal taken herein is void, being based upon false findings, and a false and bogus minute order, and that there is not any appeal taken from the findings and decree of the court, namely, the findings and decree of March 8, 1892," and, therefore, that "the so-called 'appeal' taken by the appellant herein should be forthwith dismissed." The appellant, on the other hand, contends that the order of August 19th—it having been entered at length in the minute-book of the court as required by section 1704 of the Code of Civil Procedure—would have become final and conclusive against him if no appeal had been taken therefrom within sixty days after it was entered, and that after the appeal was taken, and while it was pending, the trial court had no power to make any new or further findings or decree in regard to the matters involved. This contention seems to be well supported by the authorities, and in our opinion it must be sustained: Livermore v. Campbell, 52 Cal. 77; Baggs v. Smith, 53 Cal. 88; People v. Center, 54 Cal. 236; Reynolds v. Reynolds, 67 Cal. 176, 7 Pac. 480; San Francisco Savings

Union v. Myers, 72 Cal. 161, 13 Pac. 403. It follows that the findings and decree of March 8th were made without authority, and must therefore be disregarded. The appeal cannot be dismissed.

The question then is, Can the order of August 19th be sustained? Appellant contends that it should be reversed, upon the grounds (1) that there were no sufficient findings to support it; and (2) that the bill of contest did not state facts sufficient to support the ground of contest on which the order was made, to wit, that of mental incapacity.

The first ground is based upon the statement that the paper found in the record, and designated "Findings," contains a heterogeneous mass of argument, opinion, probative facts, and conclusions of law, but no findings of the ultimate facts; and it is said that "apparently the statement, 'I find that he was not of sound and disposing mind,' is the finding of an ultimate fact, but, when taken in connection with the other portions of the findings, it will at once be perceived that it is but the court's conclusion from the application of the law, as understood by it, to the other facts found, and therefore must be considered a conclusion of law." In support of this position, McClory v. McClory, 38 Cal. 575, and Walker v. Buffandeau, 63 Cal. 316, are cited. In the first case cited it was held that "a document filed by the judge, in which he states the case, the testimony, and the reasons for his decision, and not the ultimate facts established by the evidence, is an opinion, and not a finding, within the meaning of the code." And in the second case the court, after referring to Jones v. Clark, 42 Cal. 180, said: "But unless the previous findings, in some degree, tend to prove the ultimate fact, it is manifest that the conclusion [as in this case] 'from the foregoing facts' must be treated as what it purports to be—a conclusion of law from the facts previously recited." In Jones v. Clark the question was as to ratification of a promissory note purporting to have been executed for and on behalf of a mining partnership, and signed by the superintendent as such, and on page 192 it is said: "The court finds several facts which, in the opinion of the court, tend to establish the fact of ratification, and then finds, as a conclusion from them, that the note has been fully ratified and confirmed by the company. This was the ultimate fact to be ascertained, and it is none the

less a finding of fact because it is stated as a conclusion from other stated facts." We fail to see how these cases support the contention of appellant. It is true, as stated in Hidden v. Jordan, 28 Cal. 306, that findings "should consist of a concise, distinct, pointed, and separate statement of each specific, essential fact established by the evidence, in its proper order, without any of the testimony by which the facts are proved, followed by a similar statement of the conclusions of law drawn from the facts thus found." But, if the ultimate facts are found, they will not be set aside or disregarded because they are intermixed with statements of the evidence, findings or probative facts, argument, and conclusions of law. Here one of the ultimate facts to be determined was as to the mental capacity of the testator to make a will; and in our opinion the finding "that he was not of sound and disposing mind" must be treated as a finding of the ultimate fact, and not as a conclusion of law. This seems clear, for the reason, in the first place, that it purports to be such a finding, and, in the second place, that the previous findings tend, at least in some degree, to establish the fact that he was not of sound and disposing mind.

But, conceding the finding in question to be a finding of fact, it is next claimed that "it is clearly insufficient, because too general and indefinite, as it is not confined, or at all directed, to the mental capacity of the decedent at the very time when the will was executed." We do not think this point can be sustained. Looking at all the findings, it seems clear that the finding objected to was intended to refer, and must be understood to refer, to the time when the will was executed.

The second ground relied upon by the appellant for a reversal of the order relates to the bill of contest, and it is claimed that it is wholly insufficient, because it charges only that the testator was not of sound and disposing mind "at the alleged time of the pretended making and execution of said pretended will." It is urged that the "alleged time" of the execution might not be the true time, and that the time of the "pretended" execution of a will is absolutely irrelevant, and that a "pretended will" is one that is offered as something false or unreal; and it is said the code provides that "any person interested may appear and contest the will,"

but says nothing about contesting a pretended will. It is therefore claimed that the bill of contest was insufficient to support the order, and hence it should be reversed. The part of the bill of contest here objected to was not happily written, and, if the proponent had demurred to it on the ground that it was ambiguous or uncertain, very likely his demurrer would have been sustained. No demurrer, however, was interposed, and the question is raised here for the first time. We think it should have been raised in the court below by special demurrer, and, not having been, that it cannot be raised here. It results, in our opinion, that the order appealed from should be affirmed.

We concur: Vanclief, C.; Haynes, C.

PER CURIAM.—For the reasons given in the foregoing opinion the order appealed from is affirmed.