MRS. C. JAMES, Administratrix of W. A. James, v. THE WESTERN NORTH CAROLINA RAILROAD COMPANY.

(Decided December 6, 1898 )

*Jurisdiction of the Supreme Court.*

1. The Supreme Court has no power to change or modify its judgments rendered at a former term, except where they have been issued by mistake or inadvertence, and in such case they may be altered so as to speak the truth.

2. The Supreme Court being strictly an appellate Court, (except as to claims against the State) its jurisdiction is acquired only by reason of the appeal.

3. When the Supreme Court has certified its decision to the court below for judgment there, this Court has no further jurisdiction of the case.

MOTION, on affidavit, in the Supreme Court by plaintiff for a rule on defendant and its attorneys of record in this case to show cause why execution should not issue from this Court to enforce the judgment in this action, to be levied by the Marshal, and for an order restraining them from obstructing the enforcement of the execution.

This case was decided at September Term, 1897, and reported in 121 N. C., 523, 530.

AFFIDAVIT.

Lee S. Overman, B. F. Long and A. C. Avery, each being severally sworn, maketh oath :

1. That after the judgment in this Court in the above entitled action had been certified to the Superior Court in Rowan County, the plaintiff, under the advice of affiants that the property of the defendants therein could not be subjected by an execution at law, brought

suit in the Superior Court of Rowan County on behalf of the creditors of said company and asked for an order to issue to the said defendant to show cause why a receiver should not be appointed, for reasons therein set forth, to take charge of the franchise and property of the defendant to the end that its income might be sequestered and its equitable assets subjected to the payment of its debts.

2. That thereupon the defendant, through its attorneys, brought a suit in Equity in the name of the Southern Railway Company and The Central Trust Company of New York, as plaintiffs, in the Circuit Court of the Western District of North Carolina, to enjoin and restrain the plaintiff from proceeding in the said suit in Rowan, or by execution issuing upon her said judgment in the Superior Court of Rowan County to enforce the collection of the said judgment of this Court which had been duly certified, and became a judgment final in the court below regularly by certificate from this Court.

3. That the Honorable Charles H. Simonton, Circuit Judge of the Fourth Circuit, and a *nisi prius* judge, granted first a temporary restraining order, and, upon the return day, an order enjoining plaintiff, till the hearing of said cause, from proceeding in any way in said Superior Court in Rowan County to enforce the judgment of this Court, or to subject the property of the defendant to the payment of her said judgment.

4. That the plaintiff appealed from the said order to the Circuit Court of Appeals for the 4th Circuit at Richmond where said appeal is now pending, and affiants are ready to procure a copy of the transcript of said appeal and to identify the same as genuine.

5. That said plaintiff and her said attorneys have been threatened with attachment and punishment for

James v. Railroad Co.

contempt, as they are informed, if they should take any steps to enforce said judgment of their said client in said Superior Court of Rowan County.

Wherefore they ask, in behalf of said plaintiff, such orders in the premises as to this Court may seem just, to protect the integrity of the judgment of this Court and the rights of the said plaintiff.

B. F. Long,
Lee S. Overman,
A. C. Avery.

Lee S. Overman, A. C. Avery and B. F. Long, each being duly sworn, maketh oath severally that the facts set forth in the foregoing affidavit are true.   Sworn to and subscribed to before me November 16, 1898.

Thos. S. Kenan,
Clerk Supreme Court of N. C.

MOTION.

The plaintiff moves the Court that an order issue in this cause to be served on said company and on Messrs. Charles Price and G. F. Bason, its attorneys of record in the above entitled cause :

1. To show cause at 10 A. M. on Saturday, November 19, 1898, before this Court why an order shall not be made that execution issue to enforce the judgment of this Court therein, and why the Marshal of this Court shall not be entrusted with the duty of levying said execution and enforcing the order of this Court.

2. To show cause why the Western North Carolina Railroad Company and its agents and attorneys shall not be required to desist from obstructing the enforcement of the mandates of this Court and disregarding its authority.

James v. Railroad Co.

3. To show cause why the said company and its agents and attorneys shall not be enjoined and restrained from in any way interfering with or obstructing the enforcement of the said judgment of this Court by levying the execution issuing therefrom or otherwise.

A. C. Avery,
B. F. Long,
Lee S. Overman,
Attorneys for plaintiff.

NOTICE.

To Charles Price, Esq., counsel for defendant :

You are hereby notified that the foregoing motion will be made *ore tenus* on the opening of the Court on Thursday, November 17, 1898, at 10 o'clock a. m.

A. C. Avery,
Lee S. Overman,
B. F. Long,
Attorneys for plaintiff.

November 16, 1898.

A true copy.
Thos. S. Kenan,
Clerk Supreme Court.

*Messrs. A. C. Avery, L. S. Overman* and *B. F. Long*, for plaintiff.
*Mr. Charles Price*, for defendant.

Furches, J.: This action was commenced in the Superior Court of Rowan County to recover damages for defendant's negligently killing the plaintiff's intestate. Upon the trial in the court below it was found that the plaintiff's intestate was killed by the negligence

of the defendant, and the jury-assessed the damages at $15,000. But the court being of opinion that the plaintiff was not entitled to judgment against the defendant, refused to sign a judgment in her favor, and gave judgment against the plaintiff for costs. From this judgment the plaintiff appealed to this Court, where the judgment of the court below was reversed, and the case certified to that court for judgment. *James* v. *Railroad*, 121 N. C., 524. Upon the opinion of this Court being certified to the Superior Court of Rowan, the plaintiff at February Term, 1898, recovered judgment against the "Western North Carolina Railroad" for $15,000. Thereupon S. T. Pearson and Clemye James, Administratrix of W. A. James (Clemye James being the plaintiff in the action for damages mentioned above) commenced an action against the Western North Carolina Railroad Company, and, in their complaint, they style themselves creditors of said Railroad Company, and that they bring this action not only for themselves but for the benefit of all other creditors of said Railroad Company, who make themselves parties plaintiff and contribute to the expense of its prosecution.

This complaint alleges that S. T. Pearson is the owner of one original share of stock in said road, and that Clemye James as administratrix of W. A. James is a creditor, who "recovered judgment in the Superior Court of Rowan County against the defendant, The Western North Carolina Railroad Company, which bears date the 21st day of February, 1898, for the sum of $15,000 and costs of action, brought for the negligent killing of her intestate, William A. James, and plaintiffs are advised, informed and believe that said judgment constitutes a lien upon the franchise and property of said company superior to the lien of either of said

mortgages, even though the said mortgages should be declared valid liens."

The above quotation is paragraph 17 of the complaint, and the reference made therein to mortgages refer to mortgages previously mentioned in the complaint

The said plaintiff alleged that she could not enforce the James judgment by execution ; that the defendant had assets that might be enforced in equity, and asked for an order of sequestration, and for a receiver.

Upon the filing of this complaint, the Central Trust Company of New York brought a proceeding in the Circuit Court of the United States, in which it alleged that the said railroad, road-bed, franchise and rolling stock had been sold under an order of the Circuit Court of the United States, at which sale the Southern Railway Company, (a Virginia Corporation) had become the purchaser ; that said Southern Railway Company borrowed large amounts of money from it, and have mortgaged or conveyed said property to it in trust to secure the payment of said money, and interest, so borrowed ; and asked for an injunction against the plaintiffs, their agents and attorneys, restraining them from the further prosecution of their suit ; which motion (upon notice) was granted by the said Circuit Court of the United States, enjoining and restraining the plaintiffs, S. T. Pearson and Clemye James, their agents and attorneys, from further proceeding with or prosecuting their said suit.

The matter now before this Court was brought to our attention by an affidavit, filed by the attorneys of Clemye James on the 16th of November, 1898, in which the facts herein above set forth (as to the James judgment) are substantially recited ; and, attached to this affidavit is a notice to the attorneys of The Central Trust Com-

pany to appear on the 19th, (which was changed by the court to the 25th) of November, and to show cause,

1. "Why an order shall not be made that an execution issue to enforce the judgment of this Court therein, and why the marshal of this Court shall not be entrusted with the duty of levying said execution and enforcing the order of this Court."

2. "To show cause why the said Western North Carolina Railroad Company, and its agents and attorneys shall not be required to desist from obstructing the enforcement of the mandates of this Court, and disregarding its authority."

3. "To show cause why the said company and its agents and attorneys shall not be enjoined and restrained from, in any way, interfering with or obstructing the enforcement of the said judgment of this Court by levying the execution issuing therefrom, or otherwise."

Service of this notice was accepted by the attorneys of the "Central Trust Company of New York."

During the argument, the counsel for Mrs. James submitted (in addition to the motions mentioned in the notice to The Trust Company) a motion for judgment in this Court, to be entered *nunc pro tunc*, in the case of James v. The Western North Carolina Railroad Company.

However much this Court might be disposed to protect its judgments and any legal process issuing thereon, from unlawful interference by other courts, obstructing the same, it cannot do so in this case, even should the interference and obstruction be unlawful.

The judgment which the movers alleged has been unlawfully interfered with, and its enforcement to have

123—20

been obstructed, is not a judgment of this Court, but the judgment of the Superior Court of Rowan County. This is distinctly alleged in the 17th paragraph of plaintiff's complaint, in the action of S. T. Pearson and Clemye James v. The Western North Carolina Railroad. It is there alleged that she "recovered judgment in the *Superior Court of Rowan County* against the defendant, The Western North Carolina Railroad Company, which bears date the 21st of February, 1898."

The case of *James* v. *Railroad* was heard on appeal at September Term, 1897, of this Court, when the judgment of the court below was reversed. Upon the opinion in that appeal being filed, judgment was entered here against the defendant company for costs, and that the opinion be certified to the court below to the end that the court below might proceed to judgment. This was done and that court proceeded to judgment at February Term, 1898, as we have seen. This Court has no power to change, alter or modify its judgments rendered at a former Term of the Court. *Moore* v. *Hinnant*, 90 N. C., 163 ; *Cook* v. *Moore*, 100 N. C., 294 ; *Murphy* v. *Merritt*, 63 N. C., 502. An exception to this rule is where the judgment has been erroneously rendered by mistake or by inadvertence. In such cases it may be altered so as to make it speak the truth—to make it in fact the judgment of this Court. *Moore* v. *Hinnant* and *Cook* v. *Moore, supra.*

This Court is strictly an appellate Court, with the exception as to claims against the State. It only acquired jurisdiction in the case of James v. The Western North Carolina Railroad Company by reason of the plaintiff's appeal. The purpose of this appeal was to have the rulings of the court below reviewed upon questions of law, presented by the record of the trial below ; and

when this was decided and certified to the court below for judgment there, the purposes for which the appeal was taken were ended, and this Court had no further jurisdiction of the case. The legal link or string that brought the case to this Court was cut, and it went back home to the Superior Court of Rowan, and that court proceeds with the case upon its original jurisdiction, instructed by this Court as to the law involved in the appeal.

We cannot adopt the suggestion of counsel, made during the argument, to enter judgment here in the James case *nunc pro tunc*, for the reason that we have heretofore, at September Term, 1897, entered a judgment. And we have no power to enter another judgment in the case. *Moore* v. *Hinnant, supra.*

It was contended by counsel for James that this Court had a supervisory power over the Superior Courts, and could compel them, by *mandamus* and by other writs, to observe and obey the judgments and orders of this Court. This is true, but no action or order of the Superior Court has been called to our attention, of which Mrs. James can or does complain.

In the course of the argument, the complaint in the case of Pearson and James, was called to our attention and discussed by counsel, as also was the complaint in the case of The Central Trust Company, filed in the Circuit Court of the United States; and the opinion of that court and the orders made therein were also called to our attention and discussed by counsel. But none of these matters are before us in such a way as to authorize us to discuss them, and we do not. We have no more right to review the opinion of the Circuit Court than it has to review the opinion of this Court, and we do not. While we see no reason for changing our opin-

ion in James v. Western North Carolina Railroad, that matter is not now before us for our consideration.

The Rule to show cause must be discharged at the cost of the plaintiffs in said. Rule.

Rule discharged.