[S. F. No. 1689.  In Bank.—January 4, 1902.]

THOMAS RICHARDSON et al., Plaintiffs; V. L. FORTIN, Appellant, v. CHICAGO PACKING AND PROVISION COMPANY et al., Respondents.

APPEAL—MOTION TO RECALL REMITTITUR—LOSS OF JURISDICTION.— Where an appeal was regularly heard and submitted, and thirty days after this court rendered its decision, reversing the judgment and ordering a new trial, the *remittitur* went down to the court below, in the absence of fraud or imposition, this court has lost jurisdiction of the case; and this court will not grant a motion to recall the *remittitur* eight months thereafter, on the mere ground that one claimed to be an adverse party, whose judgment was paid by the appellant, was not served with the notice of the appeal.

MOTION of respondents to recall *remittitur* issued after reversal of a judgment and an order denying a new trial, upon appeal from the Superior Court of the City and County of San Francisco.  J. C. B. Hebbard, Judge.

The facts are stated in the opinion of the court.

Thomas C. Huxley, Edward C. Robinson, B. McFadden, and R. M. Fitzgerald, for the motion in favor of Respondents.

William H. Jordan, for Appellant, *contra*.

McFARLAND, J.—This is a motion by fourteen persons for an order to recall the *remittitur* hereinbefore issued in the above-entitled cause, and to take further proceedings therein.

The moving parties were defendants in the superior court and recovered judgment against the plaintiff therein, Fortin, for the aggregate amount of $1,793.82, to be divided between them as directed by the judgment, $123.70 thereof to be paid to the defendant therein, D. W. Patterson.  Fortin appealed from the judgment and from an order denying his motion for a new trial.  The appeal was regularly heard and submitted here, and on December 19, 1900, this court rendered its decision, reversing the judgment and order appealed from, and ordered a new trial.  In thirty days thereafter, the *remittitur* in question went down to the court below.  This present motion was made September 27, 1901, about eight

months after the *remittitur* had gone down. The motion is based on the asserted fact that said Patterson, now deceased, was an adverse party, and that neither he nor his administratrix was properly served with the notice of appeal. Fortin denies that Patterson was an adverse party, and shows that he had paid Patterson's judgment and dismissed as to him. It is still contended by the moving parties that, notwithstanding this settlement with Patterson, the latter might be affected by future phases of the litigation.

When a *remittitur* has gone down to the lower court, this court has lost jurisdiction of the case, unless it has been issued inadvertently, or some fraud or imposition had been practiced upon the court or the opposite party; and in such case the *remittitur* is not recalled upon the theory that this court can resume a jurisdiction once lost, but upon the principle that an order made inadvertently, or obtained by fraud, may be treated as a nullity, and the case considered as still pending in this court. (See *Trumpler* v. *Trumpler,* 123 Cal. 248, and cases there cited.) But there is nothing in the case at bar that brings it within this principle. This court, therefore, had lost jurisdiction of the above-entitled cause when the motion to recall was made.

The motion is denied.

Harrison, J., Garoutte, J., and Beatty, C. J., concurred.