## EGBERT v. ST. LOUIS & S. F. R. CO.

No. 4825.    Opinion Filed August 10, 1915.

(151 Pac. 228.)

1.  **APPEAL AND ERROR — Effect of Transfer — Jurisdiction of Trial Court—Suspension.** When the Supreme Court acquires jurisdiction of a cause by appeal, the jurisdiction of the trial court is suspended, and it remains suspended until the mandate from the Supreme Court has regularly reached it, and is spread upon its records.

2.  **SAME.—Validity of Order of Trial Court.** While the jurisdiction of a cause is in the Supreme Court by appeal, the trial court is without authority to make any order which materially affects the rights of the parties; and if the trial court makes such an order it is null and void.

3.  **SAME—Order Made Before Recording Mandate—Amendment of Pleading.** If, before the mandate of the Supreme Court has regularly reached the trial court and been spread upon its record, the trial court makes an order allowing the petition to be amended, and the amendment is made accordingly, the order of the trial court and the amendment are null and void, and the petition stands as if no amendment had been made thereto, although the cause in the Supreme Court had been decided, and written opinion filed, prior to the time of making such order and amendment.

4.  **APPEAL AND ERROR—"Mandate."** A "mandate" is the official mode of communicating the judgment of the appellate court to the lower court.

(Syllabus by Brown, C.)

*Error from County Court, Lincoln County;*
*H. M. Jarrett, Judge.*

Action by Charles Egbert against the St. Louis & San Francisco Railroad Company. Cause dismissed, and plaintiff brings error. Affirmed.

*John J. Davis,* for plaintiff in error.

*W. F. Evans, R. A. Kleinschmidt,* and *Fred E. Suits,* for defendant in error.

Opinion by BROWN, C. This is the second time that this cause has been before this court. In the first appeal to this court the cause was reversed because the amended petition would sustain a verdict beyond the jurisdictional amount of the county court. *St. Louis & San Francisco Railroad Company v. Charles Egbert,* 27 Okla. 168, 111 Pac. 202. That opinion was rendered on the 13th day of September, 1910; the mandate to the county court of Lincoln county was issued by the clerk of the Supreme Court in regular form the 7th day of October, 1910, and was filed in the court below November 3, 1910. Prior to the date of issuing the mandate, to wit, on the 1st day of October, 1910, the plaintiff in the court below filed a motion for permission to amend his last amended petition by reducing the amount claimed to the sum of $999. Thereafter, on the 3d day of October, 1910, the county court made an order allowing the amendment to be made, which was accordingly done on the same day. On the 15th day of November, 1912, defendant filed a motion in the county court to dismiss the action because of want of jurisdiction. The motion was sustained and cause dismissed. We are now called upon to review the action of the trial court in dismissing the cause.

The only question presented for our determination in this case is whether or not the trial court had authority

to make an order allowing the plaintiff to amend his petition so as to reduce the amount sued for to that within the jurisdiction of the court. Plaintiff in error takes the position that the court had such authority. Defendant in error insists that no such amendment was possible after the cause was reversed, and that the only thing the court could do was to dismiss the action. Defendant in error also insists that, even though it should be held to be mistaken as to the general proposition that no amendment in the lower court was permissible, yet in this case the trial court was without jurisdiction to make an order permitting the amendment at the time it did so, because the mandate had not been issued from the Supreme Court and spread upon the record in the trial court, and that therefore the order granting authority to amend and the amendment filed pursuant to said order were void and of no effect.

We will first deal with the latter contention of the defendant in error: It is a general proposition of law that no two courts have jurisdiction of the same cause of action at the same time, and, when a court has once had jurisdiction and lost it by appeal to another court, its authority to deal with the cause is suspended until jurisdiction becomes re-established. *Ott v. Boring*, 131 Wis. 472, 110 N. W. 825, 111 N. W. 833, 11 Ann. Cas. 857; *Thomas v. Thomas*, 27 Okla. 801, 109 Pac. 825, 113 Pac. 1058; 3 Stand. Ency. of Pro. 326; *Western Wheel-Scraper Co. v. Drinnen* (C. C.), 79 Fed. 820; *Blake v. Miller*, 118 Ill. 500, 8 N. E. 828; *Ladd et al. v. Couzins*, 35 Mo. 513; *Baggs v. Smith*, 53 Cal. 88; *Shay v. Chicago Clock Co.*, 111 Cal. 549, 44 Pac. 237; *Baker v. Borello*, 131 Cal. 615, 63 Pac. 914; *In re Bullard's Estate*, 3 Cal. Unrep. 688, 31 Pac. 1119; *Keyser v. Farr*, 105 U. S. 265, 26 L. Ed. 1025;

*Hampton v. Hickey,* 88 Ark. 324, 114 S. W. 707. And if the trial court makes an order in the cause pending appeal which materially affects the rights of the parties it is null and void. *Southern Railroad Co. v. Birmingham Southern & New Orleans R. Co.,* 131 Ala. 663, 29 South. 191, and authorities cited *supra.*

It being undisputed in this case that the appellate court had jurisdiction of this cause at the time it rendered its former opinion herein, it therefore becomes necessary for us to determine when it lost jurisdiction and the same became re-established in the trial court.

In the case of *Thomas v. Thomas, supra,* this court had under consideration the question as to when it lost jurisdiction of a cause and jurisdiction became re-established in the trial court, and Chief Justice Dunn in the course of the opinion quoted with approval from the opinion in the case of *Ott v. Boring, supra:*

"It seems from an examination of the authorities to be well-nigh unanimously declared that in the absence of statute making a different provision, the jurisdiction of the appellate court over a given cause terminates whenever regularly, without inadvertence or fraud, it returns the record to the court of general jurisdiction. 2 Ency. of Pl. & Pr. 359, 384; 2 Spelling, New Tr. & App. Prac., secs. 733, 734; Hayne, New Tr. & App., sec. 293; *Legg v. Overbagh,* 4 Wend. (N. Y.) 188; cases collected in note 21 Am. Dec. 118; *Delaplaine v. Bergen,* 7 Hill (N. Y.) 591; *Browder v. M'Arthur,* 7 Wheat. 58 [5 L. Ed. 397]; *Peck v. Sanderson,* 18 How. 42 [15 L. Ed. 262]; *Underhill v. Jericho,* 66 Vt. 183, 28 Atl. 879; *Sullivan v. Speights,* 14 S. C. 358; *Caldwell v. Bruggerman,* 8 Minn. 286 [(Gil. 252)]; *Dempsey v. Billinghurst,* 7 S. D. 564, 64 N. W. 1124; *Lees v. Clark,* 20 Cal. 387; *Richardson v. Chicago Packing, etc., Co.,* 135 Cal. 311, 67 Pac. 769; *Ward v. Springfield F. & M. Ins. Co.,* 12 Wash. 631, 42 Pac. 119;

*State v. Faulds,* 17 Mont. 140, 42 Pac. 285. This apparently rests largely upon the doctrine that when that act is done the jurisdiction of the lower court, which has been suspended meanwhile, becomes re-established, and that both courts cannot have jurisdiction over the cause."

And further on in the same opinion he said:

"It being manifest that both the appellate and the trial courts cannot at the same time have jurisdiction to consider, hear, and determine an action, the appellate court must logically, and of necessity, lose jurisdiction when the trial court again secures it, and the trial court acquires jurisdiction to proceed in any action appealed whenever the mandate of the appellate court has regularly reached it and is spread upon its records."

In the case of *St. Paul F. & M. Ins. Co. v. Peck,* 40 Okla. 396, 139 Pac. 117, decided later by this court, the rule announced in the Thomas case was approved.

But it is urged that the two last-named cases are not decisive of the question involved here, as the court was not called upon in either of those cases to say whether it could lose jurisdiction before the mandate was issued and spread upon the record in the trial court. And counsel for plaintiff in error takes the position that by rule 10 of this court (38 Okla. vii, 137 Pac. x), the same being as follows, "After the expiration of fifteen days from the filing of an opinion the clerk shall issue a mandate," etc., it was the duty of the clerk of this court to issue a mandate to the trial court after the expiration of 15 days from the date of filing the opinion; and that, inasmuch as the clerk failed to do so, the law will regard that as done by the clerk which he should have done under the rule, and that jurisdiction of this cause therefore became re-established in the trial court at the expiration of 15 days from the date of filing the opinion, although no man-

date had in fact been issued by the clerk and spread upon the record in the trial court.

Counsel has failed to cite us to any authority in support of his contention; but nevertheless we have given it careful consideration, and we think that to place his construction upon the rule would be giving it a very strained construction, and one unsupported by reason or authority.

A "mandate" is the official mode of communicating the judgment of the appellate court to the lower court. *Horton v. State,* 63 Neb. 34, 88 N. W. 146; 13 Ency. of Pl. & Pr. 836. And the great weight of authority, so far as we have been able to ascertain, is to the effect that jurisdiction in the trial court, after it had once been lost by appeal, is not re-established until the mandate is issued and spread upon its record. *In re Smith,* 2 Cal. App. 158, 83 Pac. 167; *Monahan v. Monahan,* 77 Vt. 155, 59 Atl. 176; *James v. Western N. C. R. Co.,* 123 N. C. 299, 31 S. E. 707.

"As the mandate is the official mode of communicating the judgment of the appellate court to the lower court, no proceeding can be had in the lower court in an appealed case until the mandate has been filed in said court." 13 Ency. of Pl. & Pr., 837; *Lafferty v. Rutherford,* 10 Ark. 453; *Packet Co. v. Reynolds,* 12 Minn. 213 (Gil. 135); *Messenger v. Marsh,* 6 Iowa, 490.

The order and the amendment made in the trial court in this cause were void and of no effect, the same having been made at a time when the trial court was without jurisdiction; therefore the amended petition stood on the day the trial court dismissed it as if no amendment had been made.

This being our view of the law, it is unnecessary to a correct disposition of this case for us to decide whether or not the trial court could have permitted the amend-

ment after the mandate was issued and spread upon its record, and we express no opinion as to same.

The judgment of the trial court dismissing the cause should, therefore, be affirmed. It is so ordered.