[S. F. No. 9573.   In Bank.—July 13, 1922.]

In the Matter of the Estate of CATHERINE ROSS, Deceased.   KATHERINE NICHOLSON et al., Appellants, v. JAMES R. CARRICK, as Administrator, etc., et al., Respondents.

[1] APPEAL—RECALL OF REMITTITUR—POWER OF COURT.—In the absence of fraud, and where the supreme court renders its judgment advisedly upon the case as presented by the parties, such court has no power after the expiration of the thirty days allowed by the constitution and after which its judgment is final, to recall the *remittitur* for the purpose of reconsidering the facts and reasons upon which the judgment was given.

MOTION to recall Remittitur.   Denied.

The facts are stated in the opinion of the court.

George D. Collins, Jr., for Appellants.

Thomas G. Crothers, Wm. M. Abbott, Wm. M. Cannon, K. W. Cannon and I. M. Golden for Respondents.

SHAW, C. J.—The respondents move to recall the *remittitur* on the ground that it "does not conform to the final judgment of the court upon the ground that the judgment appealed from was in all substantial particulars affirmed."

The appeal was taken from a decree of partial distribution of the estate of Catherine Ross, deceased.   That decree was that the property distributed was a part of the community property of John Ross, deceased, and the deceased, Catherine Ross, during their marriage, that upon his death it was distributed to her and that upon her death thereafter one-half of such community property descended to the relatives of John Ross, deceased, and the other half to the children of Elizabeth H. Donohue as the next of kin of Catherine Ross.   Catherine Ross had two sisters, who died prior to her death, namely, Elizabeth H. Donohue and Bridget H. Quinn, both of whom left descendants who are now living.   The decree gave no part of the property to the descendants of Bridget H. Quinn, and some of them ap-

pealed therefrom. It was upon the decision of this appeal that the *remittitur* was issued. The decision of this court was that, as descendants of Bridget H. Quinn, the appellants were entitled to a share in the one-half of the community property included in the distribution to the Donohue children. To that extent the decree was reversed. The briefs show that the heirs of John Ross and the children of Mrs. Donohue filed a joint brief in opposition to the claims of the appellants. Nothing was said to the effect that the John Ross heirs had no interest in the controversy between the descendants of the two sisters of Catherine Ross over the one-half of her property, nor with respect to the John Ross heirs being exempt from costs of appeal. This court, upon this condition of the matter, made a general order reversing the case in favor of the appellants. As the respondents made common cause against the appellants the court saw no reason for making a distinction between them on the matter of costs. The error, if any, was due to the oversight of the parties and not that of the court or of the clerk.

[1] In the absence of fraud, and where this court renders its judgment advisedly upon the case as presented by the parties, this court has no power after the expiration of the thirty days allowed by the constitution and after which our judgment is final, to recall the *remittitur* for the purpose of reconsidering the facts and reasons upon which the judgment was given. (*Oakland* v. *Pacific etc. Co.*, 172 Cal. 332–337 [Ann. Cas. 1917E, 259, 156 Pac. 468]; *Estate of Levinson*, 108 Cal. 459 [41 Pac. 483, 42 Pac. 479]; *Granger* v. *Sheriff*, 140 Cal. 195 [73 Pac. 816]; *Herrlich* v. *McDonald*, 83 Cal. 505 [23 Pac. 710]; *Trumpler* v. *Trumpler*, 123 Cal. 248 [55 Pac. 1008]; *Martin* v. *Wagner*, 124 Cal. 204 [56 Pac. 1023]; *Richardson* v. *Chicago etc. Co.*, 135 Cal. 311 [67 Pac. 769].) This judgment was given on December 2, 1921, and became final on January 1, 1922. In that interval, if the heirs of John Ross had applied therefor, the court might have altered its judgment as to costs. This motion was instituted on March 1, 1922. It was then too late for the court to aid in the matter even if it were so disposed. The motion is denied.

Shurtleff, J., Richards, J., *pro tem.*, Sloane, J., Wilbur, J., Lawlor, J., and Waste, J., concurred.