TOWN OF NEWTON, R. P. CALDWELL AND EVERETT LONG, TAXPAYERS OF CATAWBA COUNTY, v. STATE HIGHWAY COMMISSION.

(Filed 5 October, 1927.)

1. **Roads and Highways—State Highway Commission—Appeal and Error —Agreement of Parties—Constitutional Law—Statutes.**

   Where the Supreme Court has delivered an opinion upon the authority of the State Highway Commission as to change of route of a highway connecting two county-seats, a petition in the cause, although at the request of both plaintiff and defendant, cannot be entertained, the same not being authorized either by our Constitution or statutes in conformity therewith. Const. of N. C., Art. IV, secs. 8, 9; C. S., 1411.

2. **Same.**

   Where it is a matter of much general public interest, and the court below finds the fact that there is no substantial departure, an approval is permissible under the decisions.

THIS is a petition made by both plaintiffs and defendant in the above-entitled case. See *Newton v. Highway Commission, ante,* p. 159.

*W. C. Feimster, W. A. Self, Wilson Warlick and Clyde R. Hoey for plaintiffs.*

*Assistant Attorney-General Ross for defendant.*

CLARKSON, J. The joint petition made by both plaintiffs and defendant is as follows:

"*First.* That, in the opinion filed by this Court on 25 June, 1927, the defendants were enjoined from abandoning the existing road in Catawba County, designated as a portion of State Highway No. 10, as now located and maintained.

*Second.* That, in a suit lately pending in Catawba County, between the same parties litigant, and involving the building of certain State highways in said county, all matters in controversy between the parties were amicably settled, subject to the approval of the court, and an

agreed judgment was entered, copy of which is annexed hereto and made a part of this petition.

*Third.* That it is the desire and intention of the parties that the route from Catawba River to Newton, described in said agreed judgment and shown on the map annexed hereto, shall, when completed, be substituted for the existing and maintained location of Route No. 10, and, in order that this agreement may be carried out, your petitioners are advised and believe that it was necessary that the injunctive relief granted by the court on 25 June, 1927, be modified.

Wherefore, your petitioners now pray and move the court that the said cause be reopened by this Court and that the injunctive relief therein granted be modified to such extent as may be necessary to permit the agreed settlement between the parties to be carried out."

Const. of N. C., Art. IV, sec. 8, is as follows: "The Supreme Court shall have jurisdiction to review, upon appeal, any decision of the courts below, upon any matter of law or legal inference. And the jurisdiction of said Court over 'issues of fact' and 'questions of fact' shall be the same exercised by it before the adoption of the Constitution of one thousand eight hundred and sixty-eight, and the Court shall have the power to issue any remedial writs necessary to give it a general supervision and control over the proceedings of the inferior courts." C. S., 1411:

"Sec. 9. The Supreme Court shall have original jurisdiction to hear claims against the State, but its decisions shall be merely recommendatory; no process in the nature of execution shall issue thereon; they shall be reported to the next session of the General Assembly for its action."

In *R. R. v. Horton,* 176 N. C., at p. 117, it is held: "This Court, having certified its opinion and remanded the case to the court below, is without jurisdiction to make any orders therein. It might have been brought before this Court by petition to rehear, if filed in forty days after the opinion, in compliance with Rule 52 of this Court (174 N. C., 841), but this was not done. . . . (P. 118.) This Court is solely an appellate Court, except as to claims against the State; and when a decision on appeal has been rendered and certified, the jurisdiction of this Court is at an end. *James v. R. R.,* 123 N. C., 299; *Finlayson v. Kirby,* 127 N. C., 222; *White v. Butcher,* 97 N. C., 7."  Const. of N. C., Art. IV, secs. 8 and 9, *supra; Cooper v. Comrs.,* 184 N. C., 615; *Dredging Co. v. State,* 191 N. C., 243; Rule of Practice in the Supreme Court, Rule 44, in 192 N. C., p. 858. See, also, annotation under C. S., 1419.

Under the well-settled law of this jurisdiction, this Court cannot entertain the petition in the form as presented.

The matter is of much general public interest. The road is a link, or part, of No. 10, one of, if not, the most important road in the State.

The road agreed upon, from Catawba to Newton, and approved by Judge Michael Schenck, as shown by the judgment and map attached, is substantially the same as indicated by the exhibits in the first *Newton case,* 192 N. C., p. 54, approved by Judge James L. Webb, which judgment was affirmed on appeal to this Court.

In the instant case, Judge Schenck, the careful and learned judge who heard the case, had all the evidence before him, and it is presumed that the facts found by him support the judgment in the absence of appeal or objections. Therefore, upon the face of the record, we see no reason why the judgment rendered by the judge below should not be approved. This course has been pursued in a number of cases in this State and permissible under our decisions. *Milling Co. v. Finlay,* 110 N. C., 411; *S. v. Wylde, ibid.,* p. 500; *Gilbert v. Shingle Co.,* 167 N. C., 286; *Cement Co. v. Phillips,* 182 N. C., 437; *Corporation Com. v. Mfg. Co.,* 185 N. C., 17; *S. v. Carroll, ante,* 37.

Petition dismissed.